## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) KENNETH TUROCZI and <br> (2) TYRENE TUROCZI, <br><br> Plaintiffs, <br><br> v. <br><br> (1) THE TRAVELERS COMPANIES INC., a/k/a TRAVELERS, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. CIV-23-95-SLP <br> ) <br> ) *Removed from the District Court of* <br> ) *Oklahoma County, Oklahoma* <br> ) *Case No. CJ-2022-6227* <br> ) |

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Rule 38(b) of the Federal Rules of Civil Procedure, and LCvR 81.2 of the Local Court Rules for the United States District Court for the Western District of Oklahoma, Defendant Travelers Commercial Insurance Company ("Defendant," or "Travelers"), improperly named herein as "The Travelers Companies, Inc.", hereby removes the above-captioned action pending in the District Court of Oklahoma County, State of Oklahoma, Case No. CJ-2022-6227, in which court this case is currently pending, to the United States District Court for the Western District of Oklahoma. In support of this Notice of Removal, Defendant states the following:

### Procedural History and Plaintiff's Allegations

1.  On December 21, 2022, Plaintiffs Kenneth and Tyrene Turoczi ("Plaintiffs") initiated this lawsuit against the Defendant in the District Court of Oklahoma County, State of Oklahoma, by filing their Petition captioned as *Turoczi v. The Travelers Companies,*

*Inc.*, CJ-2022-6227 (the "State Court Action").

2. In accordance with 28 U.S.C. § 1446 (a) and LCvR 81.2, a true and accurate copy of the OSCN Docket Sheet from the State Court Action as well as true and accurate copies of all process, pleadings, and orders served upon Defendants in the State Court Action are attached hereto as follows:

(a) Exhibit 1: State Docket Sheet

(b) Exhibit 2: Original Petition

3. On January 5, 2023, Plaintiffs caused summonses to be issued in the State Court Action. *See* OSCN Docket Sheet, Ex. 1 hereto. Travelers was served with Plaintiffs' Petition on January 10, 2023, though no proof of service was filed by Plaintiffs. *Id.* Based upon the date of service, Travelers' responsive pleading deadline is currently set for January 30, 2023.

4. In the Petition, Plaintiffs assert the breach of the duty of good faith and fair dealing ("bad faith") against Travelers as their sole cause of action. *See generally* Pet., Ex. 2 hereto. In particular, Plaintiffs allege various "bad faith" claims regarding a 2018 fire loss claim made by Plaintiffs under a homeowner's insurance policy issued by Defendant Travelers. *Id.* at ¶¶ 3-9. Plaintiffs' bad faith allegations include assertions that Travelers failed to pay "over $100,000 of its otherwise insurance payment obligation" by improperly calculating and deducting depreciation amounts on Plaintiffs' claim, *id.* at ¶ 5, and by engaging in other "unfair settlement practices[.]" *Id.* at ¶¶ 6-8.

## Timeliness of Removal

5. Defendant Travelers was served with the Summons and Petition on or about

January 10, 2023. There are no other defendants named in this action. *See* Exs. 1-2.

6. This removal was effectuated within 30 days of service of the Petition on Defendant and is therefore timely. 28 U.S.C. § 1446(b).

## Grounds for Removal

7. Removal to this Court is appropriate because it is the United States District Court for the District within which the State Court Action was commenced.

8. This action may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 because this Court has original jurisdiction over this controversy based upon the diversity of citizenship of the parties and amount in controversy, as set forth in 28 U.S.C. § 1332 (a)(1).

## Diversity Requirement

9. Specifically, complete diversity of citizenship exists between the parties sufficient for removal pursuant to 28 U.S.C. § 1332 (a), based upon the following:

a. Upon information and belief, at the time the Petition was filed, at the time of removal, and all intervening times, Plaintiffs Kenneth and Tyrene Turoczi were and are residents and citizens of the State of Oklahoma, both Plaintiffs reside in Oklahoma County, and both Plaintiff are "at home" in the State of Oklahoma. *See e.g.,* Pet., Ex. 2, at ¶ 1.

b. At the time the Petition was filed, at the time of removal, and all intervening times, Defendant Travelers Commercial Insurance Company was and is a foreign corporation formed under the laws of the State of Connecticut, with its principal place of business located in Hartford, Connecticut, and is "at home" in the State of Connecticut. Defendant is licensed to conduct business in Oklahoma. *See* Registry, Travelers

Commercial Insurance Company, National Association of Insurance Commissioners (NAIC), *available at* https://sbs.naic.org/solar-external-lookup/lookup/company/summary/44195183?jurisdiction=OK (screenshot also provided as Exhibit 3 hereto); *cf.* Pet., Ex. 2, at ¶ 2 (alleging Defendant "is a foreign insurance company" but incorrectly stating a different state of incorporation and principal place of business).

### Amount in Controversy Requirement

10. Despite the pleading requirements of 12 O.S. § 2008, Plaintiffs' Petition fails to include any monetary amounts sought in their demand for relief. *See* Ex. 2, at pp. 6-7. However, "a plaintiff cannot avoid removal merely by declining to allege the jurisdictional amount", *McPhail v. Deere & Co.,* 529 F.3d 947, 955 (10th Cir. 2008), and "when the . . . complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Heather v. Air Methods Corp.*, 2016 WL 7109675, at *1 (W.D. Okla. Dec. 6, 2016) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014)) (citation marks omitted).

11. Here, the amount in controversy needed for removal is satisfied by the factual allegations otherwise contained in the pleading. *Compare* Ex. 2, *with McPhail*, 529 F.3d at 955 (to establish the amount in controversy requirement for removal, "the defendant may rely on an estimate of the potential damages from the allegations in the complaint."). In their Petition, Ex. 2, Plaintiffs assert they should be awarded "for the monetary loss . . . caused by defendant's acts . . . done in bad faith," *id.* at 7, including for Defendant's alleged failure to pay "over $100,000 of its otherwise insurance payment obligation" by improperly

calculating and deducting depreciation amounts on Plaintiffs' claim. *Id.* at ¶ 5; *see also id.* at ¶ 9 (alleging that Travelers acted in bad faith "in the original underevaluation (*sic*) of both real and personal property assets covered by defendant's policy . . . ."); *accord*, *McPhail*, 529 F.3d at 955 ("A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal."). Additionally, Plaintiffs' claim for the breach of the implied duty of good faith and fair dealing against Travelers "permits an award of punitive damages," in that under certain circumstances, "the jury has the discretion to award any amount up to $100,000 or the amount awarded in actual damages, whichever is greater." *McPhail*, 529 F.3d at 957 (citing 23 O.S. § 9.1 (B)(1)); *cf. Herndon v. Am. Com. Ins. Co.*, 651 F. Supp. 2d 1266, 1273 (N.D. Okla. 2009) ("The general rule is that punitive damages may be considered in arriving at the total amount in controversy."). Ultimately, the fact that "plaintiffs have failed to 'specify the numerical value of the damage claim'" in their pleading does not affect the amount in controversy requirement for this removal, *Heather*, 2016 WL 7109675, at * 1 (quoting *McPhail*, 529 F.3d at 956), as the Petition's "allegations may still be used to estimate an amount in controversy." *Id.* In this case, these factual allegations and the estimate of potential damages asserted in Plaintiffs' Petition demonstrate that the amount "that will be put at issue in the course of the litigation" is greater than $75,000, thereby satisfying the amount in controversy requirement for removal. *Heather*, 2016 WL 7109675, at * 2 (quoting *Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1245 (10th Cir. 2012)).

12. Considering the foregoing, the amount in controversy is satisfied in order for

this case to be removed to federal court based upon diversity citizenship pursuant to 28 U.S.C. § 1332 (A). *See* 28 U.S.C. § 1446 (a); *accord*, *Klementovicz v. State Farm Fire & Cas. Co.*, 2019 WL 1379939, at *1–2 (N.D. Okla. Mar. 27, 2019) (quoting *Dart Cherokee*, 574 U.S. at 87–89 (2014)) ("[A]s specified in § 1446 (a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."). Accordingly, complete diversity of citizenship exists between Plaintiffs and Defendant, the amount in controversy in this matter exceeds $75,000, and therefore removal to this Court is proper. 28 U.S.C. § 1332 (a).

## Non-Waiver of Defenses

13.     By this Notice of Removal, Defendant does not waive any of its available defenses, all of which are hereby expressly reserved, and Defendant does not admit to any of the allegations in Plaintiffs' Petition.

## Jury Demand

14.     Pursuant to LCvR 81.1 and Fed. R. Civ. P. 38, Defendant demands a jury trial and hereby affirmatively places Plaintiffs on notice of said demand.

## Compliance with 28 U.S.C. § 1446

15.     Defendant hereby certifies that it is the sole defendant named in this case, and no other consent is required for removal to this Court.

16.     Defendant further certifies that pursuant to 28 U.S.C. § 1446 (d), written notice has been provided to all adverse parties of the filing of this Notice of Removal, and a copy of this Notice of Removal shall be provided to the Clerk of the District Court of Oklahoma County, Oklahoma, as required by Oklahoma law.

WHEREFORE, Defendant Travelers Commercial Insurance Company hereby invokes this Court's jurisdiction and prays that the action now proceeding against Defendant in the District Court of Oklahoma County, State of Oklahoma, bearing Case No. CJ-2022-6227, be removed to this Court.

Respectfully submitted,

**DOERNER SAUNDERS DANIEL & ANDERSON, LLP**

/s/ *Sara E. Potts*
Sara E. Potts, OBA No. 32104
210 Park Avenue, Suite 1200
Oklahoma City, OK 73102
Telephone: 405.319.3500
Facsimile: 405.319.3537
Email: spotts@dsda.com
-and-
Michael S. Linscott, OBA No. 17266
Alexandra J. Gage, OBA No. 33874
Williams Center Tower II
Two West Second Street, Suite 700
Tulsa, OK 74103-3117
Telephone: 918.582.1211
Facsimile: 918.591.5360
Email: mlinscott@dsda.com
Email: agage@dsda.com
***Attorneys for Defendant Travelers Commercial Insurance Company***

## CERTIFICATE OF SERVICE

I hereby certify that, on January 30, 2023, a true and correct copy of the foregoing document was served upon the following via the Court's electronic notification system, electronic mail, and/or U.S. Mail, postage prepaid to:

Gary W. Gardenhire, OBA No. 3235
1005 Fountain Gate Cir.
Norman, OK 73072
Attorney for Plaintiffs

*s/ Sara E. Potts*

6391043.1