IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) KENNETH TUROCZI and <br> (2) TYRENE TUROCZI, <br><br> Plaintiffs, <br><br> v. <br><br> (1) THE TRAVELERS COMPANIES INC., a/k/a TRAVELERS, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. 5:23-cv-00095-SLP <br><br> *Removed from the District Court of Oklahoma County, Oklahoma* <br> *Case No. CJ-2022-6227* |

**DEFENDANT TRAVELERS COMMERCIAL INSURANCE COMPANY'S
MOTION TO DISMISS WITH BRIEF IN SUPPORT**

COMES NOW Defendant Travelers Commercial Insurance Company ("Defendant" or "Travelers"), improperly named as "The Travelers Companies, Inc.," and hereby moves to dismiss Plaintiffs' Petition (Dkt. # 1-2) pursuant to Fed. R. Civ P. 12 (b)(6)[1]. In support hereof, Travelers respectfully submits as follows:

**Introduction and Background**

This matter involves the Plaintiffs' loss claim made under Travelers' Policy No. 0M6378601393616633 (the "Policy") following a fire occurring to Plaintiffs' home located at 11701 Silvermoon Dr., Oklahoma City, OK 73162 (the "Property"), on or around December 22, 2018. *See* Petition (Dkt. # 1-2, ¶¶ 1, 4); *see also* Policy, Ex. 1 hereto.[2]

---

[1] Alternatively, Plaintiffs' Petition is also subject to judgment on the pleadings in Defendant's favor for the same reasons stated herein and pursuant to Fed. R. Civ. P. 12 (c). *See, e.g.*, *Miller v. St. Paul Fire & Marine Ins. Co.*, 480 F. Supp. 32, 33–34 (W.D. Okla. 1979); *id.* at 34 n. 2.

[2] Attaching the Policy does not convert this Motion to Dismiss into a Motion for Summary Judgment. In reviewing a motion to dismiss based on Rule 12 (b)(6), a "district court may

Notably, the Policy contains the following relevant provision:

> **9. Suit Against Us.** No action can be brought against us unless there has been full compliance with all of the terms under Section I of this policy and the action is started within two years after the date of loss.

Ex. 1, pg. 16 (Form HO-3), ¶ 9.

Despite that their fire loss occurred in December 2018 and the claim was paid in early 2019, Plaintiffs ultimately filed suit in Oklahoma County on December 21, 2022, for the alleged "bad faith actions of Travelers" related to this fire loss claim. Dkt. # 1-2 at ¶ 5; *see also id.* at ¶¶ 8-9. The Petition was served on Defendant on or about January 10, 2022, and Defendant removed the case to the Western District of Oklahoma on January 30, 2023, in accordance with the federal removal statutes. *See generally* Notice of Removal (Dkt # 1).[3]

Plaintiffs' sole cause of action alleges breaches of the implied duty of good faith and fair dealing against Travelers, but notably, does not accuse Travelers of failing to make

---

consider documents referred to in the complaint if the documents are central to the plaintiff's claim" without converting the motion into one for summary judgment. *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007); *see also BFK Enterprise Co. v. ABB Motors & Mechanical, Inc.*, 2019 WL 5684507, *2 (N.D. Okla. Nov. 1, 2019) ("[A] district court may consider a document that is referred to in the complaint and is central to plaintiff's claims, even if a copy of the document has not been attached to the complaint" without converting the motion to dismiss into one for summary judgment) (citation omitted); *GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384-85 (10th Cir. 1997) (explaining that a defendant may submit a copy of a document even if the "plaintiff does not…attach [the] document to its complaint"). Plaintiffs directly references their Policy in the State Court Petition. *See* Dkt. # 1-2, at ¶¶ 2-3, 5-7, 9.

[3] This Motion is timely submitted in accordance with Fed. R. Civ. P. 81 (c), based upon the dates of service and removal.

payment. *See generally* Petition (Dkt. # 1-2); *see also id.* at ¶ 5. Indeed, Plaintiffs acknowledge that all claim payments were timely made by Travelers during the claims process, which was resolved and settled by early 2019. *Id.* at ¶¶ 4-6.

Instead, Plaintiffs allege occurrences of bad faith against Travelers that have been "numerous, separate, knowing . . . and most significantly, '*ongoing!*'" [sic] since the fire loss first occurred in December 2018. Dkt. # 1-2, at ¶ 9. Specifically, Plaintiffs allege the bad faith conduct by Travelers "actually began at the beginning" of the claim in 2018, with the alleged misconduct by "Agent X" during claims process. *Id.* at ¶ 6. According to Plaintiffs, "Agent X" denied coverage for "boarding" costs associated with housing Plaintiffs' pets after the fire, which resulting in "the entire family [being] made homeless on the Eve of Christmas," *i.e.*, December 24, 2018, *id.*, "because [Plaintiffs] could not take their surviving pet[s]. . . into a motel or hotel and they had no other place to go with these animals . . . ." *Id.*; *see also id.* at ¶ 9. Plaintiffs further contend that during the claim process, also Travelers acted in bad faith by denying policy coverage for Mold and Ordinance and Law coverage and by "misus[ing] . . . its depreciation provisions" in paying the claim in early 2019. *See id.* at ¶¶ 5-7, 9; *see also id* at ¶ 8.

Despite the amorphous nature of Plaintiffs' contentions, the information provided in the Petition establishes that Plaintiffs cannot plausibly plead a cognizable claim upon which relief may be granted, and the Petition should be dismissed for the reasons submitted below and pursuant to Fed. R. Civ. P. 12 (b)(6).

**BRIEF IN SUPPORT**

Plaintiffs' Petition fails in two important aspects: (1) Plaintiffs' claims are

extinguished under the applicable statutory and contractual time limitation periods, and (2) Plaintiffs have only pled a single cause of action for bad faith and have failed to plead any allegations establishing a corresponding breach of contract claim, which is a prerequisite to their bad faith claim under Oklahoma law. Because the Petition contains such failings, it does not state a claim upon which relief may be granted and should be dismissed, pursuant to Rule 12 (b)(6).

I. **PLAINTIFFS' CLAIMS ARE TIME-BARRED AND MUST BE DISMISSED.**

Plaintiffs' claims against Travelers should be dismissed for failure to state a claim upon which relief may be granted because those claims are barred by Oklahoma's applicable statutes of limitations as well as the time limitations stated in the Policy. While raising the statute of limitations is an affirmative defense, that defense "may be appropriately resolved on a Rule 12 (b) motion when the dates given in the complaint make clear that the right sued upon has been extinguished." *Sierra Club v. Okla. Gas & Elec. Co.*, 816 F.3d 666, 671 (10th Cir. 2016) (internal quotation marks omitted). If from the face of the pleading "'the dates on which the pertinent acts occurred are not in dispute, [then] the date a statute of limitations accrues is . . . a question of law' that is 'suitable for resolution at the motion to dismiss stage.'" *Herrera v. City of Espanola,* 32 F.4th 980, 991 (10th Cir. 2022) (quoting *Edwards v. Int'l Union, United Plant Guard Workers of Am.*, 46 F.3d 1047, 1050 (10th Cir. 1995)). Here, Plaintiffs' claims relate to their December 2018 fire loss claim made under a fire insurance policy issued by Travelers. Petition (Dkt. #1-2), at ¶¶ 3-4. Under the standard outlined in *Sierra Club*, the dates given in the Petition

"make clear that the right sued upon has been extinguished." 816 F.3d at 671; *compare id.*, with Petition (Dkt. # 1-2), at ¶ 4.

### A. WHILE NOT PLED, ANY POTENTIAL BREACH OF CONTRACT CLAIM IS STATUTORILY TIME-BARRED UNDER 36 O.S. § 4803 (G).

As discussed further in Sec. II, *infra*, Plaintiffs have failed to plead a breach of contract claim to accompany their bad faith claims against Travelers. However, even if Plaintiffs *had* pled a breach of contract claim relating to their December 2018 fire loss claim, that cause of action would be statutorily time-barred under 36 O.S. § 4803 (G).

The applicable statute of limitations set forth in Oklahoma law states that "[n]o suit or action on [a fire insurance] policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and *unless commenced within twelve months next after inception of the loss*." 36 O.S. § 4803 (G) (emphasis added).  In interpreting and applying this Section, the Tenth Circuit has declared that "the parties to a fire insurance policy are not free to contract as to the period of time within which an action must be brought. The one-year statutory period of limitation is by operation of law made a part of the contract . . . It is and remains a statutory and not a contractual period of limitation." *Ins. Co. of America v. Board of Ed. Of Independent School Dist. No. 12, Texas County, Okla., et al.,* 196 F.2d 901, 903 (10th Cir. 1952); *accord*, *Miller,* 480 F. Supp. at 32–34.

In this case, Plaintiffs assert the inception of the fire loss "occurred late in 2018[,] mostly on the 22d day of December of that year." Petition (Dkt. # 1-2), at ¶ 4. Accordingly, Plaintiffs had one year from that date (by December 22, 2019) to initiate a "suit or action"

against Travelers for their fire loss under Oklahoma law. 36 O.S. § 4803 (G). Plaintiffs did not do so, and thus, their claims are statutorily time-barred under § 4803. *Compare* Petition (Dkt. # 1-2), *with Miller*, 480 F. Supp. at 33-34 (citing 36 O.S. § 4803) (dismissing fire loss claims because plaintiff's lawsuit "was not commenced until nearly three years after the insured property was destroyed by fire . . . ."). Plaintiffs clearly admit that the date of their "inception of the loss" under the fire insurance policy occurred ***four years*** prior to the filing of their Petition, Dkt. # 1-2, at ¶¶ 3-4, and as a result, any potential contractual claims against Travelers have been statutorily extinguished.[4] 36 O.S. § 4803 (G).

### B. PLAINTIFFS' BAD FAITH CLAIMS ARE BARRED BY OKLAHOMA'S TWO-YEAR STATUTE OF LIMITATIONS FOR TORT ACTIONS, 12 O.S. § 95 (3).

Oklahoma courts have observed that while 36 O.S. § 4803 sets a one-year time limitation on breach of contract claims relating to fire insurance policies, related bad faith claims are governed by the two-year statute of limitations outlined in 12 O.S. § 95 (3). *See e.g.*, *Zewdie v. Safeco Ins. Co. of Am.*, 304 F. Supp. 3d 1101, 1111 (W.D. Okla. 2018) (citing 12 O.S. § 95 (3)) (noting that "the limitations period for plaintiff's bad faith claim is two years under Oklahoma law."); *see also Ake v. Cent. United Life Ins. Co.,* 2018 WL 5986756, at *2–3 (W.D. Okla. Nov. 14, 2018) (unreported) (citing *Lewis v. Farmers Ins. Co.*, 1983 OK 100, ¶ 7, 681 P.2d 67, 70) ("Oklahoma case law establishes that [§ 95 (3)] covers the tort of bad faith."); *see also* 12 O.S. § 95 (A)(3) ("Civil actions other than for

---

[4] Additionally, any breach of contract claim asserted by Plaintiffs would be contractually barred pursuant to the time limitations stated in the Policy, which require Plaintiffs to initiate a lawsuit against Travelers "within two years after the date of loss." Policy, Ex. 1 hereto, at p. 16, ¶ 9; *cf. Hayes v. State Farm Fire & Cas. Co.*, 855 F. Supp. 2d 1291, 1300–01 (W.D. Okla. 2012).

the recovery of real property can only be brought . . . within 2 years…[for] any action for injury to the rights of another, not arising on contract."). Further, for torts (including bad faith), "the statute of limitations 'begins to run when the cause of action accrues'", *Zewdie*, 304 F. Supp. 3d at 1112 (quoting *Stephens v. Gen. Motors Corp.*, 1995 OK 114, 905 P.2d 797, 799), and similarly, "a cause of action accrues when a litigant could first maintain an action to a successful conclusion[.]" *Id.* (quoting *Stephens*, 905 P.2d at 799) (citation marks omitted).

While Plaintiffs' allegations are confusing, what *is* clear from their allegations, which are disputed, is that Plaintiffs' proffered bad faith claims likely accrued within the first weeks (if not days) after the date of loss, December 22, 2018. Plaintiffs' Petition states specific "acts of alleged . . . bad faith" against Travelers, *Zewdie*, 304 F. Supp. 3d at 1111, including allegations involving denial of coverage for pet "boarding" costs within days after the initial date of loss, such that "the entire family was made homeless on the Eve of Christmas," in December 2018. Dkt. # 1-2, at ¶ 6. According to Plaintiffs, Defendant's alleged bad faith conduct "began the day the smoke had not yet settled" after the fire on December 22, 2018, and was "*ongoing!*" through the 2019 claims process, *id.* at ¶ 9, as "the losses . . . continued to occur" after the initial date of loss due to the actions of the fire department to extinguish the fire. *Id.* at ¶ 4. Thus, even when all of the factual allegations are taken as true, with "[a]ll reasonable inferences . . . indulged in the favor of plaintiff[s]," *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984), Plaintiffs' own accounting of the relevant timeline demonstrates that Plaintiffs were "aware of the facts on which [their] bad faith claims [are] based as early as" December 24, 2018, *Zewdie*, 304 F. Supp. 3d at 1112,

and no later than by early 2019, when the claim was paid out and concluded by Travelers. *Compare* Dkt. # 1-2, at ¶¶ 3-9, *with Blue v. Universal Underwriters Life Ins. Co.*, 612 F. Supp. 2d 1201, 1203–04 (N.D. Okla. 2009) (quoting *Chasteen v. UNISIA JECS Corp.*, 216 F.3d 1212, 1217 (10th Cir.2000)) ("It is irrelevant whether the plaintiff understood that the defendant's actions constituted a legal cause of action as long as the plaintiff knew of the facts which could give rise to such a claim.") (internal citation marks omitted).

In light of the two-year statute of limitations under Oklahoma law, Plaintiffs' claims against Travelers were then subsequently extinguished by December 24, 2020, or by early 2021, at the latest, and Plaintiffs' "cause of action for bad faith is therefore barred as a matter of law." *Blue*, 612 F. Supp. 2d at 1204. Plaintiffs' Petition does not state a claim upon which relief may be granted under Fed. R. Civ. P. 12 (b)(6), *Sierra Club*, 816 F.3d at 671, and because amendment would be futile, the Court should therefore dismiss Plaintiffs' Petition against Travelers *with* prejudice. *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013) (citing Fed. R. Civ. P. 15).

## II. PLAINTIFFS' PETITION FAILS TO ALLEGE FACTS ESTABLISHING A BREACH OF THE POLICY CONTRACT AS IS NECESSARY TO MAINTAIN THEIR BAD FAITH CLAIMS.

The Tenth Circuit has determined that Oklahoma law requires a breach of contract claim to be pled in conjunction with a bad faith tort claim. *See Expertise, Inc. v. Aetna Fin. Co.,* 810 F.2d 968, 972 (10th Cir.1987) ("[T]he plaintiff obviously must establish that a binding agreement has been breached to invoke this theory [of bad faith breach of contract under Oklahoma law]. Because we have held that the plaintiff failed to establish a breach of an enforceable agreement, we must also conclude that [plaintiff] failed to establish

8

a *prima facie* case of bad faith breach of contract."); *Davis v. GHS Health Maint. Org., Inc.,* 2001 OK 3, ¶ 16, 22 P.3d 1204, 1210) ("[A] determination of liability under the [insurance] contract is a prerequisite to a recovery for bad faith breach of an insurance contract."); *cf. id.* at n. 24 ("The [insurer's] duty arises from the recognition that a substantial part of the right purchased by an insured is the right to receive policy benefits promptly."); *see also McCarty v. First of Georgia Ins. Co.,* 713 F.2d 609, 612 (10th Cir. 1983) (noting that "[w]hen the Oklahoma Supreme Court held that claimants must make a 'clear showing that the insurer unreasonably, and in bad faith, withholds payment,' it was simply emphasizing the obvious: if the insured were not entitled to payment, a cause of action for wrongful denial of the claim could not arise . . . .") (citation omitted). While Plaintiffs are not required to *prevail* on a breach of contract claim, they must, however, plead facts demonstrating that Travelers failed to adhere to the terms of the insurance policy in order to pursue their claim for bad faith. *Davis*, 382 F. Supp. 3d at 1199; *accord*, *Till Metro Ent. v. Covington Specialty Ins. Co.*, 545 F. Supp. 3d 1153, 1166 (N.D. Okla. 2021) (quoting *Davis*, 22 P.3d at 1210).

One court in the Western District applied this very concept in *Davis v. Fed. Ins. Co.*, 382 F.Supp.3d 1189 (W.D. Okla. 2019). In *Davis,* the Honorable Judge Russell followed Tenth Circuit precedent, determining that where Plaintiffs could not establish a breach of the insurance contract, Defendant was also entitled to summary judgment on Plaintiffs' bad faith tort claim because "plaintiffs must establish breach of an enforceable contract to invoke the theory of bad faith." *Davis*, 382 F.Supp.3d at 1199 (citing *Gillogly v. Gen. Elec. Capital Assur. Co.*, 430 F.3d 1284, 1293 (10th Cir. 2005)). Likewise, this Court should

examine Plaintiffs' Petition and find that have Plaintiffs have "failed to establish a breach of contract," *id.* (quoting *Morrison v. Stonebridge Life Ins. Co.*, 2015 WL 137261, at *7 (W.D. Okla. Jan. 9, 2015)), as is necessary to maintain their bad faith claim. *Compare id.*, *with* Petition (Dkt. # 1-2).

Notably, the Petition continually mentions "bad faith" (Dkt. # 1-2, at ¶¶ 4-6, 8-9) and "unfair" settlement practices (Dkt. # 1-2, at ¶¶ 4, 7-9), but never once makes the allegation that Defendant somehow breached any term of the Policy. As with their factual allegations Plaintiffs' prayer for relief also only states a bad faith claim:

> WHEREFORE, premises considered, plaintiffs pray for judgment in their favor and against defendant for a finding that its acts were in contumacious violation of this States' law requiring that *insurers settle claims under a policy they have written to an insured in a fair and reasonable manner and that such misconduct described herein was in fact and at law done in bad faith.*

Dkt. # 1-2, at ¶ 9 (emphasis added). Nowhere do the Plaintiffs allege a breach of contract claim in their Petition. In fact, Plaintiffs' Petition seems to affirmatively assert that no breach of contract occurred by saying, "[t]he bad faith actions of Travelers for the most part *do not* arise from a refusal to pay any monies on a certain loss[]." Dkt. # 1-2, at ¶ 5 (emphasis added). Without the factual underpinnings establishing a breach of contract, their bad faith claims cannot stand. *See Gillogly v. Gen. Elec. Capital Assur. Co.*, 430 F.3d 1284, 1293 (10th Cir. 2005). Plaintiffs are not entitled to relief based solely on a bad faith claim, and dismissal remains both appropriate and warranted under Fed. R. Civ. P. 12(b)(6).

## **CONCLUSION**

For the reasons stated above, Defendant Travelers Commercial Ins. Co.'s Motion should be granted, and Plaintiffs' Petition should be dismissed, with prejudice. Defendant also requests attorneys' fees in accordance with this Court's equitable discretion to award fees to the prevailing party in a frivolous lawsuit.

Respectfully submitted,

**Doerner Saunders Daniel & Anderson, LLP**

/s/ *Sara E. Potts*
Sara E. Potts, OBA No. 32104
210 Park Avenue, Suite 1200
Oklahoma City, OK 73102
Telephone: 405.319.3500
Facsimile: 405.319.3537
Email: spotts@dsda.com

-and-

Michael S. Linscott, OBA No. 17266
Alexandra J. Gage, OBA No. 33874
Williams Center Tower II
Two West Second Street, Suite 700
Tulsa, OK 74103-3117
Telephone: 918.582.1211
Facsimile: 918.591.5360
Email: mlinscott@dsda.com
Email: agage@dsda.com
***Attorneys for Defendant Travelers Commercial Insurance Company***

## CERTIFICATE OF SERVICE

I hereby certify that, on February 6, 2023, a true and correct copy of the foregoing document was served upon the following via the Court's electronic notification system, electronic mail, and/or U.S. Mail, postage prepaid to:

**Gary W. Gardenhire**
**1005 Fountain Gate Cir.**
**Norman, OK 73072**
**Counsel for Plaintiff**

*s/ Sara E. Potts*

6401738.1