IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENNETH TUROCZI and<br>TYRENE TUROCZI,<br><br>      Plaintiffs,<br><br>v.<br><br>THE TRAVELERS COMPANIES,<br>INC., also known as Travelers,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No. CIV-23-00095-JD<br>)<br>)<br>)<br>)<br>) |

**<u>ORDER</u>**

Upon review of Plaintiffs' Response to Defendant's Motion to Dismiss and Objection to Removal Under the Law of Diversity of Citizenship ("Response") [Doc. No. 7], the Court finds it should be **STRICKEN**. First, it fails to comply with Federal Rule of Civil Procedure 11(a), which requires, in relevant part, that every paper submitted to the Court be "signed by at least one attorney of record in the attorney's name." The Response includes a signature block but is not signed by counsel. Second, the Response fails to comply with Local Civil Rule 7.1(e), as it does not include an indexed table of contents, which is required for briefs exceeding 15 pages. Third, the Response violates Local Civil Rule 7.1(c) by including a motion within a response brief.

Pending before the Court is Defendant Travelers Commercial Insurance Company's Motion to Dismiss ("Motion") [Doc. No. 5]. The Motion seeks to dismiss Plaintiffs' removed state-court petition [Doc. No. 1-2]. In the Response, Plaintiffs indicate they "will request that they be allowed to amend . . . ." Response [Doc. No. 7] at

18. The Court has inherent authority to manage its cases "so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *see also* Fed. R. Civ. P. 1. The Court finds that the parties may be able to resolve or clarify some of the disputes raised in the Motion without Court involvement, or if that is not possible, to streamline the issues so that any remaining disputes are as narrow as possible. *See* Fed. R. Civ. P. 1.

In these circumstances, the best use of the Court's and the parties' resources is to require counsel for parties to confer in good faith regarding the alleged deficiencies in the state-court petition to resolve all or as many disputes as possible without involving the Court. Accordingly, and without expressing any views on the merits of the claims or the Motion:

- Counsel for the parties are ORDERED to confer in good faith regarding the claims in this lawsuit and all arguments asserted in the Motion (including the naming of the proper defendant), within **seven (7) days** of this Order, or by March 8, 2023.
  - Plaintiffs' counsel should reasonably, and considering obligations of Rule 11, determine ways in which the complaint can be amended to eliminate the alleged deficiencies asserted in the Motion, including by, for example adding factual allegations to state plausible claims.
- Within **ten (10) days** of this Order, or by March 13, 2023, Plaintiffs' counsel shall circulate a proposed amended complaint to Defendant's counsel.
  - Defendant's counsel should reasonably, and considering obligations of Rule 11, determine whether a motion to dismiss is still necessary after

reviewing the proposed amended complaint and should engage in further discussions with Plaintiffs' counsel if Defendant's counsel still believes the proposed amended complaint contains pleading deficiencies.

- Within **fourteen (14) days** of this Order, or by March 15, 2023, counsel for the parties shall confer again regarding the proposed amended complaint in an attempt to resolve any remaining disputes without Court involvement.

- By **March 20, 2023**, as and if applicable, Plaintiffs may file an amended complaint consistent with Federal Rule of Civil Procedure 15(a)(2) (if Defendant's consent is obtained, or if Defendant's consent cannot be obtained, Plaintiffs may seek leave of Court to file an amended complaint). If Plaintiffs choose not to amend their complaint and intend to stand on their state-court petition without exercising amendments in federal court, they must file an amended response to the Motion by March 20, 2023, and convey in their response to the Court their intent to stand on the petition. The Court will construe an intent to stand on the removed petition as a representation to the Court that allowing further amendment on the challenged claims would be futile.

- By **March 20, 2023**, the parties shall file a joint status report in response to this Order updating the Court on the status of the issues addressed in this Order, including the date of the conferences, length of the conferences, participants of the conferences, identification of all issues that were resolved at the conferences, and identification of the issues that remain, if any. The Court expects the parties to work professionally and cooperatively to resolve all or virtually all of the issues

described in the Motion, or to substantially narrow the issues in dispute for the Court to resolve at the pleadings stage.

- Defendant shall respond to any amended complaint within **fourteen (14) days** of service of the amended complaint. Fed. R. Civ. P. 15(a)(3). If Plaintiffs elect instead to file an amended response to the Motion, then Defendant will follow the Local Civil Rules for the remaining briefing schedule on its Motion. If Plaintiffs elect to file an amended complaint, the Court will deny the Motion as moot and without prejudice.

Failure by either party to comply with this Order in good faith may result in sanctions. *See* Fed. R. Civ. P. 11(c)(1) ("[T]he court may impose an appropriate sanction on any attorney, law firm, or party that violated [Rule 11(b)] or is responsible for the violation.").

    IT IS SO ORDERED this 1st day of March 2023.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE