# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

(1) KENNETH TUROCZI, and     )
(2) TYRENE TUROCZI,     )
     )
     Plaintiffs,     )
     )  Case No. 5:23-CV-00095-JD
vs.     )
     )
(1) TRAVELERS COMMERCIAL     )
    INSURANCE COMPANY,     )
     )
     Defendant.     )

## DEFENDANT TRAVELERS COMMERCIAL INSURANCE COMPANY'S MOTION TO DISMISS AMENDED COMPLAINT WITH BRIEF IN SUPPORT

Respectfully submitted,

**Doerner Saunders Daniel
& Anderson, LLP**

Sara E. Potts, OBA No. 32104
210 Park Avenue, Suite 1200
Oklahoma City, OK 73102
Telephone: 405.319.3500
Facsimile: 405.319.3537
Email: spotts@dsda.com

-and-

Michael S. Linscott, OBA No. 17266
Alexandra J. Gage, OBA No. 33874
Williams Center Tower II
Two West Second Street, Suite 700
Tulsa, OK 74103-3117
Telephone: 918.582.1211
Facsimile: 918.591.5360
Email: mlinscott@dsda.com
Email: agage@dsda.com
***Attorneys for Defendant Travelers
Commercial Insurance Company***

# TABLE OF CONTENTS

INTRODUCTION AND BACKGROUND........................................................................ 1

ARGUMENT AND AUTHORITIES ................................................................................ 4

  I.     DISMISSAL IN THIS CASE IS APPROPRIATE UNDER RULE 41(B)........... 4

      A.   PLAINTIFFS' CONTINUED VIOLATIONS OF PROCEDURAL AND COURT RULES WARRANTS DISMISSAL. ........................................................................ 4

      B.   PLAINTIFFS' AMENDED COMPLAINT SUBSTANTIALLY DIFFERS FROM THEIR PROPOSED AMENDED COMPLAINT IN VIOLATION OF LCvR15.1. ...................... 8

  II.    ALTERNATIVELY, DISMISSAL UNDER RULE 12(B)(6) IS APPROPRIATE BECAUSE PLAINTIFFS' CLAIMS REMAIN TIME-BARRED, AND THUS THE AMENDED COMPLAINT DOES NOT STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED. .......................................................................... 11

      A.  PLAINTIFFS' BREACH OF CONTRACT CLAIMS ARE CONTRACTUALLY TIME-BARRED. ................................................................................................. 12

      B.  PLAINTIFFS' BAD FAITH CLAIMS ARE BARRED BY OKLAHOMA'S TWO-YEAR STATUTE OF LIMITATIONS FOR TORT ACTIONS, 12 O.S. § 95 (3). ...................... 13

  III.   PLAINTIFFS' BREACH OF CONTRACT CLAIMS ARE FURTHER SUBJECT TO DISMISSAL BECAUSE THEY ARE PREDICATED ON STATUTES WHICH DO NOT PROVIDE A REMEDY. ...................................................... 17

      A.  THE USCPA DOES NOT PROVIDE A PRIVATE RIGHT OF ACTION FOR BREACH OF CONTRACT........................................................................................ 17

      B.  PLAINTIFFS' OWN CONTRACT THEORY BASED ON TITLE 15 DISPOSES OF PLAINTIFFS' BREACH OF CONTRACT CLAIM. ...................................................... 19

  IV.   PLAINTIFFS HAVE NOT PLED SUFFICIENT FACTS FOR A DECLARATORY ACTION UNDER THE AMERICANS WITH DISABILITIES ACT. .......................................................................................... 20

i

CONCLUSION ............................................................................................................. 22

# TABLE OF AUTHORITIES

*Page(s)*

*Other Authorities*

*Aduddell Lincoln Plaza Hotel v. Certain Underwriters at Lloyd's of London*,
  2015 OK CIV APP 34, 348 P.3d 216 ............................................................................ 18
*Allen v. Adams*,
  2022 WL 680336 (10th Cir. 2022) ............................................................................... 20
*Alvarado v. KOB-TV, LLC*,
  493 F.3d 1210 (10th Cir. 2007) ..................................................................................... 2
*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .................................................................................................... 20
*Barraza v. State Farm Fire & Cas. Co.*,
  2023 WL 359518 (N.D. Okla. Jan. 23, 2023) ....................................................... 12, 13
*BFK Enterprise Co. v. ABB Motors & Mechanical, Inc.*,
  2019 WL 5684507 (N.D. Okla. Nov. 1, 2019) ............................................................... 2
*Big Cat Rescue Corp. v. G.W. Exotic Animal Mem'l Found.*,
  2021 WL 6111786 (W.D. Okla. Sept. 23, 2021) ........................................................ 4, 7
*Blue v. Universal Underwriters Life Ins. Co.*,
  612 F. Supp. 2d 1201 (N.D. Okla. 2009) ...................................................... 15, 16, 17
*Borde v. Bd. of Cnty. Comm'rs*,
  514 Fed. App'x. 795 (10th Cir. 2014) ......................................................................... 19
*Calderon v. Kansas Dept. of Social and Rehab. Serv.*,
  181 F.3d 1180 (10th Cir. 1999) ..................................................................................... 6
*Chasteen v. UNISIA JECS Corp.*,
  216 F.3d 1212 (10th Cir. 2000) ................................................................................... 15
*Clipperton v. Allstate Ins. Co.*,
  151 F. App'x 652 (10th Cir. 2005) .............................................................................. 13
*Council Oaks Learning Campus, Inc. v. Farmington Cas. Co.*,
  210 F.3d 389 (10th Cir. 2000) ..................................................................................... 18
*Derma Pen, LLC v. 4EverYoung Ltd.*,
  736 F. App'x 741 (10th Cir. 2018) ................................................................................ 5
*Edwards v. Int'l Union, United Plant Guard Workers of Am.*,
  46 F.3d 1047 (10th Cir. 1995) ..................................................................................... 11
*Ehrenhaus v. Reynolds*,
  965 F.2d 916 (10th Cir. 1992) ............................................................................... 4, 7, 8
*Gee v. Pacheco*,
  627 F.3d 1178 (10th Cir. 2010) ..................................................................................... 2
*GFF Corp. v. Assoc. Wholesale Grocers, Inc.*,
  130 F.3d 1381 (10th Cir. 1997) ..................................................................................... 2
*Green v. Dorrell*,
  969 F.2d 915 (10th Cir. 1992) ................................................................................... 6, 7

*Gripe v. City of Enid,*
   *Okla.*, 312 F.3d 1184 (10th Cir. 2002) ............................................... 4, 5, 6, 8
*Hamilton v. Cash,*
   1939 OK 255, 91 P.2d 80 ............................................................... 19
*Haworth v. Jantzen*,
   2006 OK 35, 172 P.3d 193 ............................................................. 13
*Hayes v. State Farm Fire & Ca. Co.,*
   855 F. Supp. 2d 1291 (W.D. Okla. 2012)................................................. 13
*Herrera v. City of Espanola,*
   32 F.4th 980 (10th Cir. 2022) ......................................................... 11
*Klintworth v. Valley Forge Ins. Co.,*
   2022 WL 1021750 (10th Cir. 2022) ...................................................... 17
*Miller v. Farmers Ins. Grp.,*
   2012 WL 8017244 ...................................................................... 18
*Mulvaney v. Rivair Flaying Serv., Inc. (In re Baker),*
   744 F.2d 1438 (10th Cir. 1984) ......................................................... 4
*Parrish v. Farmers Ins. Co., Inc.,*
   2022 WL 3139750 (N.D. Okla. 2022)...................................................... 13
*Sierra Club v. Okla. Gas & Elec. Co.,*
   816 F.3d 666 (10th Cir. 2016) ...................................................... 11, 13, 14
*Stephens v. Gen. Motors Corp.,*
   1995 OK 114, 905 P.2d 797 ............................................................. 14
*Stroud v. Liberty Mutual Ins. Co.,*
   2016 WL 10038544 (N.D. Okla. Oct. 11, 2016)........................................... 18
*Swanson v. Bixler,*
   750 F.2d 810 (10th Cir. 1984) ......................................................... 15
*Tatten v. City & Cnty. of Denver,*
   730 F. App'x 620 (10th Cir. 2018)....................................................... 2
*Travelers Ins. Co. v. Morrow,*
   645 F.2d 41 (10th Cir. 1981) .......................................................... 13
*Wagnon v. State Farm Fire & Cas. Co.,*
   1997 OK 160, 951 P.2d 641 ............................................................. 12
*Walker v. Chouteau Lime Co.,*
   1993 OK 35, 849 P.2d 1085 ............................................................ 17
*Walton v. Colonial Penn Ins. Co.,*
   1993 OK 115, 860 P.2d 222 ............................................................ 13
*WILSPEC Techs., Inc. v. Rugao Isen Elec. Co.,*
   2019 WL 3755501 (W.D. Okla. Aug. 8, 2019)............................................... 7
*Zewdie v. Safeco Ins. Co. of Am.,*
   304 F. Supp. 3d 1101 (W.D. Okla. 2018)............................................... 14, 15

*Rules*

Fed. R. Civ. P. 12(b)(6) ................................................................. 1, 2, 3, 11, 17, 22
Fed. R. Civ. P. 41(b) .................................................................. 1, 3, 4, 7, 10, 11, 22
Federal Rules of Civil Procedure Rule 41 ................................................. 4, 6, 8
Federal Rules of Civil Procedure Rule 12 (b) ........................................ 2, 11, 13
LCvR15.1 ........................................................................... 3, 5, 6, 7, 8, 9, 10

*Statutes*

Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ......................... 10, 20, 21, 22
Oklahoma Unfair Claim Settlement Practice Act, 36 O.S. § 1250.1, *et seq.*..... 9, 17, 18, 19
12 O.S. § 95(3) ......................................................................... 13, 14, 16
Title 15, Oklahoma Statutes ........................................................... 17, 19

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (3) KENNETH TUROCZI, and | ) | |
| (4) TYRENE TUROCZI, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 5:23-CV-00095-JD |
| vs. | ) | |
| | ) | |
| (2) TRAVELERS COMMERCIAL | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT TRAVELERS COMMERCIAL INSURANCE COMPANY'S
## MOTION TO DISMISS AMENDED COMPLAINT WITH BRIEF IN SUPPORT

COMES NOW Defendant Travelers Commercial Insurance Company ("Defendant" or "Travelers"), and hereby moves to dismiss Plaintiffs' Amended Complaint (Dkt. # 24). First, dismissal of Plaintiffs' Amended Complaint is appropriate under Fed. R. Civ. P. 41(b) due to Plaintiffs' recurring failures to comport with the Federal Rules of Civil Procedure and the rules of this Court. Alternatively, dismissal is appropriate under Fed. R. Civ. P. 12(b)(6) as Plaintiffs have not plausibly pled a cause of action upon which relief may be granted under extant law. In support hereof, Travelers respectfully submits as follows:

## INTRODUCTION AND BACKGROUND

This matter involves the Plaintiffs' loss claim made under Travelers' Policy No. 0M6378601393616633 (the "Policy") following a fire occurring to Plaintiffs' home located at 11701 Silvermoon Dr., Oklahoma City, OK 73162 (the "Property"), on or around

1

December 22, 2018. *See* Amended Complaint (Dkt. # 24, ¶¶ 1-2); *see also* Policy, Ex. 1

hereto.[1] Notably, the Policy contains the following relevant provision:

> **9. Suit Against Us.** No action can be brought against us unless there has been full compliance with all of the terms under Section I of this policy and the action is started within two years after the date of loss.

Ex. 1, pg. 16 (Form HO-3), ¶ 9.

Despite that their fire loss occurred in December 2018, Dkt. # 24, ¶ 2, and the

Property in question was sold in June of 2020,[2] Plaintiffs ultimately filed suit against

Travelers in Oklahoma County on December 21, 2022. Dkt. # 1-2. The case was timely

removed to this Court on January 30, 2023, *see generally* Notice of Removal (Dkt. # 1),

and Defendant filed a Motion to Dismiss (Dkt. # 5) seeking dismissal of Plaintiffs' claims

under Fed. R. Civ. P. 12 (b)(6). Plaintiffs filed a Response (Dkt. # 7) which was stricken

---

[1] Attaching the Policy does not convert this Motion to Dismiss into a Motion for Summary Judgment, as the "district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim" without converting the Rule 12 (b) motion into one for summary judgment. *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007); *see also BFK Enterprise Co. v. ABB Motors & Mechanical, Inc.*, 2019 WL 5684507, *2 (N.D. Okla. Nov. 1, 2019) (quoting *GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384-85 (10th Cir. 1997)) (explaining that a defendant may submit a copy of a document even if the "plaintiff does not...attach [the] document to its complaint"). Plaintiffs directly reference the Policy in the Amended Complaint. *See, e.g.*, Dkt. # 24, at ¶¶ 1, 5, 9, 12.

[2] Plaintiffs state that the "reconstruction of the damaged residence" began on June 24, 2019, and ended "when Plaintiffs were forced to sell the structure at a loss" in 2020. Dkt. # 24, at ii, n. ***. Available public records further reveal that Plaintiffs sold the house on June 5, 2020. *See* Oklahoma County Assessor Records, Ex. 2 hereto; *cf. Tatten v. City & Cnty. of Denver*, 730 F. App'x 620, 624 (10th Cir. 2018) (unreported) (citing *Gee v. Pacheco*, 627 F.3d 1178, 1194 (10th Cir. 2010)) ("A court may take judicial notice of its own files and records, as well as facts which are a matter of public record."); *see also id.* at 624 n.2.

by the Court, and the parties were ordered to meet and confer on the alleged deficiencies in the pleadings. *See* Order (Dkt. # 10); *see also* Dkt. # 11 (Joint Status Report). Subsequently, Plaintiffs submitted various erroneous filings (*see* Dkts. # 12, 14-16), and then filed a Second Motion for Leave to Amend Complaint (Dkt. # 17), enclosing with that Motion a proposed Amended Complaint (*see* Dkt. # 17-1). On April 17, 2023, this Court granted Plaintiffs' Second Motion to Amend and directed Plaintiffs to file their amended complaint within 7 days of the order (Dkt. # 23). On April 24, 2023, Plaintiffs then filed an altered version of the Amended Complaint which was significantly different from the version submitted with their Second Motion for Leave to Amend. *Contrast* Dkt. # 24, *with* Dkt. # 17-1.

The filed Amended Complaint contains several deficiencies to which Defendant objects and requests dismissal under the Federal Rules of Civil Procedure. First, after several rule violations by Plaintiffs during the motion practice in this case, Plaintiffs' Amended Complaint (Dkt. #24) was filed in violation of LCvR15.1 because it differs from the proposed amended complaint (Dkt. # 17-1) submitted to the Court with Plaintiffs' Second Motion to Amend (Dkt. # 17). This subjects Plaintiffs' Amended Complaint to dismissal under Fed. R. Civ. P. 41(b). Further, Plaintiffs' Amended Complaint does not plausibly plead a cognizable claim upon which relief may be granted, it contains new deficiencies as well the same deficiencies raised in prior motion practice, and the Amended Complaint is therefore subject to dismissal pursuant to Fed. R. Civ. P. 12 (b)(6).

## ARGUMENT AND AUTHORITIES

I. **DISMISSAL IN THIS CASE IS APPROPRIATE UNDER RULE 41(B).**

A. **PLAINTIFFS' CONTINUED VIOLATIONS OF PROCEDURAL AND COURT RULES WARRANTS DISMISSAL.**

The Federal Rules of Civil Procedure Rule 41 allows the Court to dismiss a claim for failure to comply with federal rules or court orders. Such dismissal operates as an adjudication on the merits. Fed. R. Civ. P. 41 (b). The Court's power to dismiss under Rule 41 is intended "to give courts very broad discretion to use sanctions where necessary to insure . . . that lawyers and parties . . . fulfill their high duty to insure the expeditious and sound management of the preparation of cases[]." *Gripe v. City of Enid, Okla.,* 312 F.3d 1184, 1188 (10th Cir. 2002) (quoting *Mulvaney v. Rivair Flaying Serv., Inc. (In re Baker),* 744 F.2d 1438, 1440 (10th Cir. 1984) (en banc)). A court will rely on five factors when deciding a motion to dismiss under Rule 41(b): (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Gripe,* 312 F.3d at 1188 (quoting *Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir. 1992)). "These factors do not create a rigid test but are simply criteria for the court to consider." *Id.* Instead, "[d]ismissal . . . is appropriate 'when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Big Cat Rescue Corp. v. G.W. Exotic Animal Mem'l Found.,* 2021 WL 6111786, at *2 (W.D.

Okla. Sept. 23, 2021) (quoting *Derma Pen, LLC v. 4EverYoung Ltd.*, 736 F. App'x 741, 746 (10th Cir. 2018) (unreported)) (citation marks omitted).

Viewing Plaintiffs' Amended Complaint against the *Ehrenhaus* factors demonstrates dismissal is warranted in this case. First, Defendant has been substantially "inconvenienced and prejudiced," *Gripe,* 312 F.3d at 1188, by Plaintiffs' continued violations of federal procedural and local court rules. Plaintiffs' Response to Defendant's original Motion to Dismiss (Dkt. # 7) was stricken by the Court for no less than three (3) violations of procedural rules. *See* Dkt. # 10. Similarly, Plaintiffs' First Motion for Leave to Amend Complaint (Dkt. # 12) was stricken by the Court for further violations of two other procedural rules. *See* Dkt. # 13. The Court then ordered the parties to participate in multiple good faith conferences to discuss the deficiencies within Plaintiffs' original pleading. During those meetings, Defendants' counsel reviewed the proposed amended complaint (Dkt. # 17-1) that was also later submitted to the Court as the proposed amendment in support of Plaintiffs' Second Motion for Leave to Amend. However, Plaintiffs continued to violate federal procedure and the court's rules with an additional violation of LCvR15.1, in that after leave was granted, Plaintiffs then filed a completely different Amended Complaint than what was originally proffered to opposing counsel and to the Court (*see* detailed discussion *infra*). These numerous violations have caused great inconvenience, delay, and cost to the Defendant. Defendant has been forced to submit or draft several unnecessary motions and responses, increasing Defendant's attorneys' fees. Furthermore, the pleading stage of this case has been needlessly drawn out since December

of 2022 due to Plaintiffs' inability to follow the procedural rules set out by the Federal Rules and this Court.

Defendant was specifically prejudiced by this most recent violation of LCvR15.1 because Plaintiffs' Amended Complaint (Dkt. # 24) includes new claims and requests for damages which were not discussed in earlier meet-and-confers, nor contemplated or allowed by the Court in granting leave to amend, even though the purpose of a request for leave to amend is to "give adequate notice to the district court and to the opposing party of the basis of the proposed amendment[]." *Calderon v. Kansas Dept. of Social and Rehab. Serv.,* 181 F.3d 1180, 1187 (10th Cir. 1999); *cf.* Joint Status Report, Dkt. # 11, at 2 (reciting the parties' agreement during initial meet-and-confer, that Plaintiffs "would prepare and circulate a proposed amended pleading for Defendant to review so that more meaningful discussions could be had afterwards."); *see also id.* at 3-4. No such notice was given to either the Defendant or the Court on these new claims and requests for damages, and the Court was given no opportunity to evaluate the viability of these amendments prior to filing.

The delay and inconvenience caused by Plaintiffs have substantially prejudiced Defendant. The Tenth Circuit has affirmed trial court decisions to dismiss under Rule 41 when the "continued failure to comply with the court's orders and applicable rules" caused "inconvenience and expense to the other parties[]." *Gripe,* 312 F.3d at 1187; *see also Green v. Dorrell*, 969 F.2d 915, 918 (10th Cir. 1992) (finding delays in litigation were "caused by [plaintiff's] failure to abide by the local rules" resulting in prejudice to defendants). As these violations have also required this Court to spend unnecessary time and effort to obtain

proper pleadings from the Plaintiffs and ensure procedural rules are being complied with, the second factor is also implicated by Plaintiffs' conduct, which has "required the Court to expend unnecessary resources, and hindered docket management." *Big Cat*, 2021 WL 6111786, at *3 (citing *WILSPEC Techs., Inc. v. Rugao Isen Elec. Co.*, 2019 WL 3755501, at *2 (W.D. Okla. Aug. 8, 2019)). It is clear the prejudice to the Defendant and the interference with the judicial process favors dismissal under Rule 41(b).

The third factor, culpability of the litigant, also weighs in favor of dismissal. Plaintiffs' Amended Complaint (Dkt. # 24) violates LCvR15.1 because it differs from the Proposed Amended Complaint (Dkt. # 17). This is not the first time Plaintiffs have violated that same rule. This Court's Order on March 20, 2023, (Dkt. # 13) specifically notifies Plaintiffs of their violation of LCvR15.1 when striking their First Motion for Leave to Amend Complaint. Plaintiffs were clearly aware of not only the existence of this rule, but of the court's enforcement of this rule. Despite this knowledge and despite the Court's reminder, Plaintiffs continue to violate it. Although "showing wrongful intent is not required" under the *Ehrenhaus* factors, *Big Cat*, 2021 WL 6111786, at *3, culpability for this violation falls strictly upon the Plaintiffs, and it cannot be said that their violation was inadvertent or excused.

While "the court should focus on three aggravating factors: the degree of actual prejudice to the defendant; the amount of interference with the judicial process; and the culpability of the litigant[,]" *Green*, 969 F.2d at 917, the fourth and fifth factors also weigh in favor of dismissal. Although the Court did not warn Plaintiffs that dismissal may be used

as a sanction for their continued violation of procedural rules (fourth factor)[3], Plaintiffs were, in fact, notified of their violations on several occasions. *See* Dkt. # 10; Dkt. # 13. Even after multiple notifications from the Court, Plaintiffs continue to violate applicable procedural rules including by filing a completely revised Amended Complaint. Thus, it is clear that a lesser sanction would be wholly ineffective, as the fifth factor considers. If the Court's previous admonitions have not effectuated proper compliance with procedural and court rules, there is no reason to believe that compliance will be made in the future. The *Gripe* court made a similar determination when it dismissed an amended complaint under Rule 41 due to counsel's "disturbing history" of continued rule violations. 312 F.3d at 1187.

Because an analysis of all the *Erenhaus* factors weighs heavily in favor of dismissal, Plaintiffs' Amended Complaint should be dismissed with prejudice pursuant to Rule 41 as a result of Plaintiffs' continued and blatant violations of procedural and court rules.

**B.    PLAINTIFFS' AMENDED COMPLAINT SUBSTANTIALLY DIFFERS FROM THEIR PROPOSED AMENDED COMPLAINT IN VIOLATION OF LCvR15.1.**

The Western District of Oklahoma's Local Civil Rules regarding amended pleadings states that "a party who has been granted leave to amend or supplement must file the new pleading – which ***shall not differ*** from the proposed pleading previously submitted

---

[3] While the Court did not admonish Plaintiffs directly for any specific violation or advise that dismissal was a potential sanction, the Court did, however, warn the parties that sanctions could be imposed for not complying in good faith with the Court's Order commanding the parties to meet-and-confer over the pleading deficiencies. *See* Dkt. # 10, at 4 (stating, "[f]ailure by either party to comply with this Order in good faith may result in sanctions."); *see also id.* at 2.

to the court – within 7 days." LCvR15.1 (emphasis added). Despite Plaintiffs' notice of and imputed knowledge of this rule (*see* Order, Dkt. # 13 (citing LCvR15.1)), defense counsel has discovered nearly 400 differences between Plaintiffs' filed Amended Complaint (Dkt. # 24) and the Proposed Amended Complaint (Dkt. # 17-1) attached to Plaintiffs' Second Motion for Leave to Amend (Dkt. # 17). The majority of these 400 changes are fairly innocuous. For example, Plaintiffs fix a typo in their first paragraph, changing the original "Defendantt" to "Defendant" (*compare* Dkt. # 17-1, 1, to Dkt. # 24, 1). Likewise, Plaintiffs reformat the sentence structure of several sentences to make it more readable or explanatory (*compare* Dkt. # 17-1, ¶ 6, with Dkt. # 24, ¶ 6).

However, Plaintiffs also made several substantial additions and changes which affect the claims and requests for damages in this case. For example, Plaintiffs' Amended Complaint (Dkt. #24), Paragraph 12 contains fifteen (15) lines of additional text which did not exist in the Proposed Amended Complaint (Dkt. #17-1, ¶ 12). Likewise, Paragraph 23, which originally contained four (4) lines of text in the Proposed Amended Complaint (Dkt. # 17-1, ¶ 23), now contains thirty-two (32) lines of text in the Amended Complaint (Dkt. # 24). These extra thirty-two (32) lines contain factual allegations of five separate events which allegedly gave Defendant notice of Plaintiffs' "'election' to reconstruct" the premises (Dkt. # 24, ¶ 23). The extra lines also mistakenly contend that these events "are not disputed by Defendant." *Id.*; *contrast id.*, *with* Joint Status Report, Dkt. # 11, at 6.

What is even more concerning is the Plaintiffs' edits made to the "Causes of Action and Claim for Relief" section. The paragraph labeled as "A. Causes of Action for improper settlement practices" contains Plaintiffs' claims under the Oklahoma Unfair Claims

9

Settlement Practices Act ("UCSPA"). *See* Dkt. # 17-1, pp. 17-18, ¶ A; Dkt. # 24, pp. 19-20, ¶ A. Although the Proposed Amended Complaint (Dkt. # 17-1) alleged that a violation of the USCPA "is an action in tort when it injures the person(s) or their property as in this particular insurance settlement matter" (*id.* at p. 18, ¶ A), the Amended Complaint filed with the Court (Dkt. #24) deletes this statement, instead asserting that a violation of the USCPA "establish[es] contract breach" and can be used to "determine if an insurer's acts were or were not reasonable" (*id.* at p. 20, ¶ A). Similarly, Plaintiffs' paragraph labeled as "B. Cause(s) of Action for failing to afford resonable (sic) accommodation" (*see* Dkt. # 17-1, p. 18, ¶ B), is now labeled as "B. Cause of action for failing to afford resonable (sic) modification of process" (*see* Dkt. # 24, p. 21, ¶ B). That section also references new sections of the ADA previously unasserted by Plaintiffs. Plaintiffs additionally make a new request for "punitive damages arising from [Defendant's] intentional and oppressive conduct" (Dkt. #24, p. 21, ¶ C), which was not included in the Proposed Amended Complaint (*See* Dkt. # 17-1, p. 19, ¶ C). The above are just a handful of examples of the differences uncovered between the Proposed Amended Complaint (Dkt. # 17-1) and the Amended Complaint (Dkt. # 24), all of which are in violation of LCvR15.1, as well as what was discussed and agreed-upon during the parties' multiple meet-and-confers. Under Fed. R. Civ. P. 41(b) this violation, along with Plaintiffs' history of similar violations, subjects Plaintiffs' Amended Complaint and this lawsuit to a dismissal on the merits.

**II.**     **ALTERNATIVELY, DISMISSAL UNDER RULE 12(B)(6) IS APPROPRIATE BECAUSE PLAINTIFFS' CLAIMS REMAIN TIME-BARRED, AND THUS THE AMENDED COMPLAINT DOES NOT STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED.**

Irrespective of Plaintiffs' conduct warranting dismissal under Rule 41 (b), Plaintiffs' claims against Travelers in their filed Amended Complaint should also be dismissed for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12 (b)(6), because those claims are still time-barred by Oklahoma's applicable statutes of limitations as well as the time limitations stated in the Policy. While raising the statute of limitations is an affirmative defense, that defense "may be appropriately resolved on a Rule 12 (b) motion when the dates given in the complaint make clear that the right sued upon has been extinguished." *Sierra Club v. Okla. Gas & Elec. Co.*, 816 F.3d 666, 671 (10th Cir. 2016) (internal quotation marks omitted). If from the face of the pleading "'the dates on which the pertinent acts occurred are not in dispute, [then] the date a statute of limitations accrues is . . . a question of law' that is 'suitable for resolution at the motion to dismiss stage.'" *Herrera v. City of Espanola,* 32 F.4th 980, 991 (10th Cir. 2022) (quoting *Edwards v. Int'l Union, United Plant Guard Workers of Am.*, 46 F.3d 1047, 1050 (10th Cir. 1995)). Here, Plaintiffs' claims relate to their December 2018 fire loss claim made on the insurance policy issued by Travelers. Amended Complaint (Dkt. # 24), at ¶¶ 1-2; *accord*, Joint Status Report, Dkt. # 11, at 5. Under the standard outlined in *Sierra Club*, the dates given in the Petition "make clear that the right sued upon has been extinguished." 816 F.3d at 671.

**A.**   **PLAINTIFFS' BREACH OF CONTRACT CLAIMS ARE CONTRACTUALLY TIME-BARRED.**

Plaintiffs' Amended Complaint now includes a claim for breach of contract (a breach of the Policy), but that claim is contractually time-barred and cannot be maintained. The Policy at issue provides the following suit limitation clause:

> **9. Suit Against Us.** No action can be brought against us unless there has been full compliance with all of the terms under Section I of this policy and the action is started within two years after the date of loss.

*See* Policy, Ex. 1 (Form HO-3), p. 16. This term establishes that any suit against Travelers arising out of the Policy must commence within two years after the date of loss, *id.*, and "such provisions are permitted under Oklahoma law." *Barraza v. State Farm Fire & Cas. Co.*, 2023 WL 359518, at *5 (N.D. Okla. Jan. 23, 2023) (citing 36 O.S. § 3617; *Wagnon v. State Farm Fire & Cas. Co.*, 1997 OK 160, 951 P.2d 641, 644). Pursuant to this term and the date of loss,[4] Plaintiffs' contract claim was therefore extinguished by December 23, 2020; however, Plaintiffs did not file suit by that time. Instead, Plaintiffs' suit was first filed on December 21, 2022 (*See* Dkt. # 1-2), nearly **four years** after the date of loss on December 23, 2018, and nearly **two years** after the claim was no longer valid. *See* Dkt. # 17-1, at ¶ 4.

---

[4] While Plaintiffs state in the new filing that the date of their loss "occurred on December 22, 2018[,]" Dkt. # 24, ¶ 2, the parties previously advised the Court of their agreement that "The date of loss for Plaintiffs' house fire is December 23, 2018[.]" Dkt. # 11, at 5. However, this new discrepancy does not alter the calculus demonstrating Plaintiffs' contract claim is time-barred.

"[C]ourts interpreting Oklahoma law have consistently concluded that similar limitation provisions are unambiguous and enforceable as to breach of contract claims." *Parrish v. Farmers Ins. Co., Inc.,* 2022 WL 3139750, *7 (N.D. Okla. 2022) (citing *Clipperton v. Allstate Ins. Co.,* 151 F. App'x 652, 654-55 (10th Cir. 2005) (unreported)); *Hayes v. State Farm Fire & Ca. Co.,* 855 F. Supp. 2d 1291, 1300 (W.D. Okla. 2012); *Walton v. Colonial Penn Ins. Co.,* 1993 OK 115, 860 P.2d 222). Furthermore, "Plaintiff cannot avoid the effect of the 'suit against us' clause by claiming ignorance of the policy's terms." *Hayes,* 855 F. Supp. 2d at 1301 (citing *Travelers Ins. Co. v. Morrow,* 645 F.2d 41, 44 (10th Cir. 1981)). The underlying Policy here "clearly and unambiguously limits defendant's liability under the policy by requiring suits like plaintiff's breach of contract claim to be filed within [two] year[s] from the date of loss." *Barraza,* 2023 WL 359518, at *6 (citing *Haworth v. Jantzen,* 2006 OK 35, 172 P.3d 193, 196); *compare id., with* Policy, Ex. 1, p. 16. Plaintiffs did not file a breach of contract claim within two years of the 2018 date of loss and this claim has been time-barred since <u>December 22, 2020</u> (two years and a day after the date of loss). *See* Petition, Dkt. # 1-2; Policy, Ex. 1, p. 16. As a result, any potential contractual claims against Travelers have been extinguished under the standard outlined in *Sierra Club,* 816 F.3d at 671, and Plaintiffs have not stated a cognizable breach of contract claim upon which relief may be granted.

**B.    PLAINTIFFS' BAD FAITH CLAIMS ARE BARRED BY OKLAHOMA'S TWO-YEAR STATUTE OF LIMITATIONS FOR TORT ACTIONS, 12 O.S. § 95 (3).**

A statute of limitations defense "may be appropriately resolved on a Rule 12 (b) motion when the dates given in the complaint make clear that the right sued upon has been

extinguished." *Sierra Club*, 816 F.3d at 671 (internal quotation marks omitted).  Regarding Plaintiffs' claims based on bad faith, the dates contained in their filed Amended Complaint (Dkt. # 24) make clear that Plaintiffs' right to sue on this claim *accrued* at least by 2019, and was similarly extinguished by *no later* than June of 2022. By the time Plaintiffs first initiated suit in December 2022, then, their claims premised on bad faith had been expired at the very least for nearly six months, if not for several years.

Bad faith claims are governed by a two-year statute of limitations as outlined in 12 O.S. § 95 (3). *Zewdie v. Safeco Ins. Co. of Am.*, 304 F. Supp. 3d 1101, 1111 (W.D. Okla. 2018) (citing 12 O.S. § 95 (3)) (noting that "the limitations period for plaintiff's bad faith claim is two years under Oklahoma law."). For torts such as bad faith, "the statute of limitations 'begins to run when the cause of action accrues.'" *Id.* at 1112 (quoting *Stephens v. Gen. Motors Corp.*, 1995 OK 114, 905 P.2d 797, 799). "[A] cause of action accrues when a litigant could first maintain an action to a successful conclusion[.]" *Id.* (quoting *Stephens*, 905 P.2d at 799) (citation marks omitted).

Here, Plaintiffs allege an inability to properly communicate with Travelers that "began the day of the holocaust fire that completely destroyed the residence" in December of 2018 as a basis for their bad faith claim. Dkt. # 24, ¶ 6. Plaintiffs have also verified that the claims process occurred during 2019. *See e.g.*, Dkt. # 24, at ¶ 2 ("Defendant's inspection for loss estimation purposes had concluded at the end of January, 2019); Dkt. # 24, at ¶ 22 ("during late 2020 and into 2021 Plaintiffs had no communication with Defendants"); *accord*, Joint Status Report, Dkt. # 11, at 5-6 (parties' agreement that "the claims process for this loss occurred in 2019"). Although all these facts indicate an accrual

14

date in 2018 or 2019, even when giving Plaintiffs' the widest berth, the <u>latest</u> accrual date
for their bad faith claim was in June of 2020 "when Plaintiffs were forced sell the structure
at a loss, *because they had exhausted any available liquidity given Defendant had reneged
on indemnification* for labor and material to do construction that they had paid for using
their own funds." Dkt. # 24, Table of Contents, n. *** (emphasis added). Plaintiffs' own
words in the new Amended Complaint admit they purportedly could have maintained an
action at the time they sold the Property in 2020, and records further reflect this sale
occurred in early June 2020. *Id.*; *see also* fn. 1, *supra*; Ex. 2 hereto. The June 2020 sale of
the house "at a loss" due to Defendant's alleged "renege" of indemnification is clear
wording that Plaintiffs were aware of the facts which would cause their bad faith claim to
accrue under the law at least by the time of the 2020 house sale.

Even when taking all factual allegations in the Amended Complaint as true, with
"[a]ll reasonable inferences . . . indulged in the favor of plaintiff[s]," *Swanson v. Bixler*,
750 F.2d 810, 813 (10th Cir. 1984), Plaintiffs' own accounting of the relevant timeline
demonstrates that Plaintiffs were "aware of the facts on which [their] bad faith claims [are]
based" <u>no later</u> than June of 2020, *Zewdie*, 304 F. Supp. 3d at 1112, when they sold their
property "at a loss." *Compare* Dkt. # 24, *with Blue v. Universal Underwriters Life Ins.
Co.,* 612 F. Supp. 2d 1201, 1203-04 (N.D. Okla. 2009) (quoting *Chasteen v. UNISIA JECS
Corp.,* 216 F.3d 1212, 1217 (10th Cir. 2000)) ("*It is irrelevant whether the plaintiff
understood that the defendant's actions constituted a legal cause of action as long as the
plaintiff knew of the facts which could give rise to such a claim.*") (internal citation marks
omitted) (emphasis added); *see also* Dkt. # 24, ¶ 2 (stating defendant concluded its "loss

estimation purposes . . . at the end of January, 2019."). The Amended Complaint is also replete with factual allegations indicating that Plaintiffs' bad faith claim likely accrued earlier, in 2018-2019. *See, e.g.*, Dkt. # 24, at ii, n. ** (alleging facts and conduct occurring between June 24-25, 2019); *id.* at ¶¶ 4-5 (same, occurring on December 26 and December 31, 2018); *id.* at ¶ 6 (same, occurring "within the first 30 days of the fire loss"); *id.* at ¶ 7 (same, occurring from June 24-July 9, 2019); *see also id.* at ¶¶ 8, 13-20 (same, alleging various dates in 2019).

All these facts in the Amended Complaint make clear that the claim began to accrue no later than June of 2020, and likely earlier. Even if later conduct was alleged by Plaintiffs in the Amended Complaint, it would still be irrelevant as long as Plaintiffs previously knew of the facts which constituted the bad faith action, which they clearly did. *See Blue,* 612 F. Supp. 2d at 1203-04. For example, Plaintiffs suggest in the Amended Complaint that a 2022 letter "for the first time disclosed Defendant's real reason for delaying the 2019 reconstruction payments." Dkt. # 24, ¶ 23. For purposes of the statute of limitations, it is irrelevant when they supposedly discovered the "real" reasoning behind Defendant's alleged actions, because they admit the claim was fully processed and completed in 2019. *See Blue,* 612 F. Supp. 2d at 1203-04. Ultimately, the face of the pleading shows that Plaintiffs were aware of the facts upon which they rely for their action *no later than* the day they sold their Property in June of 2020, yet they failed to bring an action until over two years later. Such claims cannot be maintained under 12 O.S. § 95 (3).

In light of the two-year statute of limitations under Oklahoma law, Plaintiffs' claims against Travelers were extinguished no later than by June 2022, and because

Plaintiffs did not bring their lawsuit until December 21, 2022, their "cause of action for bad faith is therefore barred as a matter of law." *Blue*, 12 F. Supp. 2d at 1204. Plaintiffs' Amended Complaint therefore does not state a valid bad faith claim recognized under Oklahoma law, and thus both of Plaintiff's causes of action are subject to dismissal under Rule 12 (b)(6).

## III.   PLAINTIFFS' BREACH OF CONTRACT CLAIMS ARE FURTHER SUBJECT TO DISMISSAL BECAUSE THEY ARE PREDICATED ON STATUTES WHICH DO NOT PROVIDE A REMEDY.

Although Plaintiffs' breach of contract claims are *not* cognizable because they are time-barred (as explained *supra*), these claims further fail under Rule 12 (b)(6) because they are predicated on statutes which do not provide an adequate remedy. Plaintiffs' Amended Complaint asserts claims for breach of contract pursuant to alleged violations of the Oklahoma Unfair Claims Settlement Practices Act ("UCSPA") and Title 15 of the Oklahoma Statutes. Neither of these statutes provides a form of recovery or a basis for an insured on a breach of contract action. Since no other theory is proposed to support a breach of contract action, Plaintiffs have not plausibly stated a sufficient claim for breach of contract.

### A.   THE USCPA DOES NOT PROVIDE A PRIVATE RIGHT OF ACTION FOR BREACH OF CONTRACT.

Plaintiffs cannot present a cognizable breach of contract claim based on the UCSPA, because it provides no private right of action. Courts have repeatedly declared that no private right of action exists under the UCSPA, even impliedly. *Walker v. Chouteau Lime Co.,* 1993 OK 35, 849 P.2d 1085, 1086-87; *Klintworth v. Valley Forge Ins. Co.,* 2022 WL

1021750, *5 (10th Cir. 2022) (unreported). This is true whether the claim sounds in contract or in tort. *See, e.g., Aduddell Lincoln Plaza Hotel v. Certain Underwriters at Lloyd's of London*, 2015 OK CIV APP 34, 348 P.3d 216, 223. ("The [UCSPA], does not establish standards of care or standards of conduct for measuring whether an insurer has violated its duty of good faith and fair dealing."); *accord, Council Oaks Learning Campus, Inc. v. Farmington Cas. Co.,* 210 F.3d 389 at * 3 (10th Cir. 2000) (unpublished) (finding plaintiff's breach of contract claim reliant on notice provisions under USCPA properly dismissed); *see also Miller v. Farmers Ins. Grp.*, 2012 WL 8017244, at *18 n. 13 (W.D. Okla. Mar. 22, 2012) (citing *Council Oaks*, 210 F.3d 389) (observing that "[t]he Tenth Circuit has rejected the argument that, because existing law is part of every contract, a violation of the Unfair Claims Settlement Practices Act may be asserted for a contract claim."). "The [UCSPA] does not create a private remedy", *Aduddell*, 348 P.3d at 223, but instead authorizes the creation of a regulatory regime subject to administrative enforcement by the Oklahoma Insurance Commissioner, **not by individuals**. *Stroud v. Liberty Mutual Ins. Co.,* 2016 WL 10038544, *2 (N.D. Okla. Oct. 11, 2016) (emphasis added). "[The UCSPA] is [therefore] fundamentally irrelevant to [Plaintiffs'] claim." *Id.* The supporting case law is clear: the UCSPA cannot be relied upon to create a private breach of contract action against Defendant.

Nonetheless, Plaintiffs intend to do just that by asserting that their breach of contract claim can be substantiated by Defendant's alleged violation of the UCSPA. Dkt. # 24, p. 20, ¶ A. Although Plaintiffs may be able to utilize the UCSPA as guidance regarding the reasonableness of Defendant's actions, the Oklahoma case law discussed above clearly

provides that no cause of action may be pled based on a violation of the UCSPA. Plaintiffs have failed to plead any breach of any contract in its Amended Petition. Therefore, Plaintiffs have failed to state a breach of contract claim upon which relief may be granted, and their claims should be dismissed.

**B.     PLAINTIFFS' OWN CONTRACT THEORY BASED ON TITLE 15 DISPOSES OF PLAINTIFFS' BREACH OF CONTRACT CLAIM.**

Plaintiffs similarly cannot rely on Title 15's "unlawful contract" theory (*See* Dkt. # 24, p. 20, ¶ A) to state a breach of contract claim. If the contract (ostensibly, the Policy) is indeed "unlawful" as Plaintiffs assert in their Amended Complaint, *id.*, then the contract is void. *Hamilton v. Cash*, 1939 OK 255, 91 P.2d 80, 81. "It is black-letter law that a void contract 'is not a contract at all' and 'is void of legal effect.'" *Borde v. Bd. of Cnty. Comm'rs,* 514 Fed. App'x. 795, 806 (10th Cir. 2014) (unreported). Therefore, an unlawful contract under Title 15 is void, having no legal effect, as if it had never existed. This would include any right the Plaintiffs have to sue for a breach of this insurance contract (*i.e.*, the Policy). If the contract is not a contract at all, there is no contract to breach and no subsequent claim for breach of contract. Plaintiffs cannot insist that a contract is void as to Defendants but still viable for recovery as to themselves. It is either void, or it is not. Plaintiffs cannot have it both ways – they cannot simultaneously argue the Policy is "unlawful" and seek recovery by relying on the Policy.

Moreover, the contract being "void" or "unlawful" is not in itself a claim for breach of a contract. This theory posits no assertion that a provision of any contract was breached. Rather, Plaintiffs assert that the contract was invalid under Title 15—not breached.

Invalidation of a contract is not a proper basis for a *breach* of contract claim. Thus, the proposed "unlawful contract" theory does not provide a remedy for Plaintiffs' breach of contract claims, which remain time-barred and are still subject to dismissal.

IV. **PLAINTIFFS HAVE NOT PLED SUFFICIENT FACTS FOR A DECLARATORY ACTION UNDER THE AMERICANS WITH DISABILITIES ACT.**

The Amended Complaint asserts a separate declaratory claim under the ADA for discrimination. Dkt. # 24, p. 21, ¶¶ B-C. Such action cannot stand because Plaintiffs have not alleged the requisite facts to avoid dismissal. "To state a claim under Title III of the ADA, [Plaintiff] must allege: (1) that he is disabled under the ADA; (2) that [Defendant] owns, leases, or operates a place of public accommodation; and (3) that [Defendant] discriminated against [Plaintiff] on the basis of his disability." *Allen v. Adams*, 2022 WL 680336, * 2 (10th Cir. 2022). Under the *Iqbal* standard, a complaint is not sufficient "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiffs have failed to assert any sufficient facts to satisfy the elements of a Title III claim under the ADA as set forth in *Allen.* 2022 WL 680336 at *2. Plaintiffs state that Mrs. Turoczi has "severe vision loss" (Dkt. # 24, at ¶ 13; Dkt. # 24, p. 21, ¶ B), but provide no facts regarding whether this disability is covered under the ADA, whether Defendant owns a place of public accommodation, or how Defendant has discriminated against her due to the purported disability. The Amended Complaint suggests that the alleged discrimination occurred when Defendant purportedly denied her requests to use text messaging rather than e-mail to contact her (which is categorically false under Plaintiffs'

20

own Exhibit 2). Dkt. # 24, p. 21, ¶ B. However, Plaintiffs stated multiple times in their pleading that the reason for the text messaging request was because it was "her *only* means of electronic contact" because "Plaintiffs did not then possess such a separate, workable electronic device with a  program that would receive a personal email message, such as *punkphillyokc@gmail.com*, because all those had been destroyed in the fire." Dkt. # 24, at ¶ 5 (emphasis in original); *see also id.* (alleging "[w]e only have his (Mr. Turoczi's) work phone and he has to 'clock in' to check his telephone messages so if you could all text it would be great."); *id.* at ¶ 6 (claiming that "*punkphillyokc@gmail.com* was *not capable or adequate* to use to communicate, because it was on a computer that had been totally destroyed in the fire and incapable of receiving messages after that loss date.").

It is clear from the many assertions in Plaintiffs' new pleading that the reason for requesting text messaging was due to the apparent lack of access to email (despite the fact that email, especially Gmail, can be accessed through any computer or mobile device with access to the internet) — not due to a disability. Even if disability was the reason for the request, and such reason was made known to Defendant, the request was never denied as Plaintiffs suggest. Plaintiffs' own Exhibit 2 to their amended pleading shows that the adjuster made "attempts to communicate with [Plaintiffs] by text, phone and in person[]." Dkt. # 24, Ex. 2, at 1.  At no point was the request refused or denied.  Because the reason for the request was not based on a disability and the request was not in fact denied, Defendant cannot be subject to a claim under the ADA – there was no discrimination based on disability. Therefore, Plaintiffs' declaratory cause of action for failing to afford a

reasonable accommodation or modification under the ADA is unfounded, not factually supported, and subject to dismissal under Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

Plaintiffs' Amended Complaint is deficient under the Federal Rules of Civil Procedure. The continued and varied violations of federal procedure and local court rules subject this Amended Complaint to dismissal under Fed. R. Civ. P. 41(b). Alternatively, Plaintiffs' Amended Complaint fails to state a claim upon which relief may be granted and is subject to dismissal under Fed. R. Civ. P. 12(b)(6). Plaintiffs' breach of contract and bad faith claims are time-barred under the applicable statutes of limitations, and Plaintiffs have not properly alleged any discriminatory action by the Defendant to trigger an ADA claim.

Due to these deficiencies and for the reasons stated above, Defendant Travelers Commercial Insurance Company respectfully requests that this Court grant its Motion to Dismiss Plaintiffs' Amended Complaint with prejudice. Defendant also requests attorneys' fees in accordance with this Court's equitable discretion to award fees to the prevailing party in a frivolous lawsuit.

Respectfully submitted,

**Doerner Saunders Daniel
& Anderson, LLP**

/s/ *Alexandra J. Gage*
Sara E. Potts, OBA No. 32104
210 Park Avenue, Suite 1200
Oklahoma City, OK 73102
Telephone: 405.319.3500
Facsimile: 405.319.3537
Email: spotts@dsda.com

22

-and-

Michael S. Linscott, OBA No. 17266
Alexandra J. Gage, OBA No. 33874
Williams Center Tower II
Two West Second Street, Suite 700
Tulsa, OK 74103-3117
Telephone: 918.582.1211
Facsimile: 918.591.5360
Email: mlinscott@dsda.com
Email: agage@dsda.com
***Attorneys for Defendant Travelers
Commercial Insurance Company***

## CERTIFICATE OF SERVICE

I hereby certify that, on May 8, 2023, a true and correct copy of the foregoing document was served upon the following via the Court's electronic notification system, electronic mail, and/or U.S. Mail, postage prepaid to:

Gary W. Gardenhire
1005 Fountain Gate Cir.
Norman, OK 73072
Counsel for Plaintiff

*s/ Alexandra J. Gage*

6505795.1

23