## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) KENNETH TUROCZI, and<br>(2) TYRENE TUROCZI,<br><br>Plaintiffs,<br><br>vs.<br><br>(1) TRAVELERS COMMERCIAL<br>     INSURANCE COMPANY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 5:23-CV-00095-JD |

### DEFENDANT TRAVELERS COMMERCIAL INSURANCE COMPANY'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AMENDED COMPLAINT

In light of the multiple filings recently made in this case, Defendant respectfully submits the following list to clarify and restate the issues which are before this Court on Defendant's pending Motion to Dismiss (Dkt. # 26). Specifically, Defendant seeks dismissal of Plaintiffs' claims for the following reasons:

1.      Plaintiffs fail to assert viable claims for breach of contract based on the contractual limitation contained in the Policy, and alternatively, because Plaintiffs may not rely on the UCSPA for a private right of action;

2.      Plaintiffs' allegations in the Amended Complaint (Dkt. # 24) establish that Plaintiffs' bad faith claim accrued at the latest by June 2020 and expired in June 2022, prior to Plaintiffs filing this case, and thus their bad faith claim is barred as a matter of law; and,

3.      Plaintiffs' Amended Complaint and this lawsuit should be dismissed due to Plaintiffs' repeated failures to comply with federal rules, court rules, and court procedure,

pursuant to Federal Rule 41 (b).

Defendant Travelers Commercial Insurance Company ("Defendant" or "Travelers") further submits the following Reply in Support of its Motion to Dismiss Plaintiffs' Amended Complaint (Dkt. # 26) and to respond to Plaintiffs' Response in Opposition (Dkt. # 28) ("Response").

## I.    PLAINTIFFS ADMIT THEY HAVE NO VIABLE BREACH OF CONTRACT CLAIM.

Despite their assertions to the contrary, Plaintiffs concede that their breach of contract action does not state a claim.  Plaintiffs' Response makes no argument against the contractual limitation as it applies to the breach of contract claim.  Although the contractual limitation language is quoted in Plaintiffs' Response (Dkt. # 28, p. 2), they only substantively dispute the statute of limitations for bad faith.  At no point do Plaintiffs discuss the enforceable contractual time limitation contained in the Policy or its implications regarding the extinction of their breach of contract claim.  *Contrast* Dkt. # 24, at 12-13, *with* Dkt. # 28.

Plaintiffs' Response repeatedly conflates these separate issues.  In fact, the only clear statement regarding Plaintiffs' breach of contract claim is their admission that no term of the contract was ever breached. Plaintiffs explicitly point out that "the wrong(s) levied against them do not stem from the language or contents of the policy *per se*[]." Dkt. # 28, p. 1.  Plaintiffs continue to assert that it was the application of the policy that was breached, not the policy itself, but this argument is a non sequitur.  In order to state a breach of contract claim there must be 1) a contract; 2) breach of the terms of the

contract; and 3) damages as a result of the breach. *U.S. Liability Ins. Co. v. Paul,* 506 F. Supp. 3d 1154, 1166 (N.D. Okla. 2020); *see also Bryant v. Sagamore Ins. Co.*, 18 F. Supp. 3d 1245, 1249 (E.D. Okla. 2014), *aff'd, Bryant v. Sagamore Ins. Co.*, 597 Fed. Appx. 968 (10th Cir. 2015) (unreported) (quoting *Digital Design Group, Inc. v. Information Builders, Inc*., 24 P.3d 834, 843 (Okla. 2001)) ("To recover on a breach of contract theory, a plaintiff must prove: '1) formation of a contract; 2) breach of ***the contract***; and 3) damages as a direct result of the breach.'") (emphasis added).

Notably, in Defendant's original Motion to Dismiss (Dkt. # 5), Defendant then pointed out Plaintiffs' lack of a breach of contract action in their state petition, to which Plaintiffs requested leave to amend specifically to add a breach of contract claim in order to avoid dismissal.  *See* Dkt. # 5, at pp. 8-10; Plaintiffs' Response, Dkt. # 7 (now stricken), at 18 (stating, "if the Court deems it necessary[,] plaintiffs will request that they be allowed to amend and to specifically plead that all facts . . . also constitute a breach of contract."); *see also* Plaintiffs' Second Motion for Leave to Amend, Dkt. # 17; Joint Status Report, Dkt. # 11, pp. 5-6. Despite being granted leave to specifically plead facts constituting a breach of contract claim, Plaintiffs have still failed to do so, *see* Dkt. # 24, and now also admit that no term of the Policy contract was breached in this case. *See* Dkt. # 28.

Although a contract exists here (*i.e.*, the Policy), Plaintiffs have wholly failed to point to a single term of the contract which was breached, and without factual allegations demonstrating a breach of the contract's terms, there can be no breach of contract claim. Due to Plaintiffs' own acknowledgement that the Policy terms were not breached,

Plaintiffs have failed to state a claim for breach of contract. The lack of any facts

supporting breach of contract therefore warrants dismissal of this claim under Rule 12

(b)(6).

### II. PLAINTIFFS' ARGUMENT ATTEMPTING TO EXTEND THE DATE OF ACCRUAL IS UNPERSUASSIVE AND INAPPOSITE TO OKLAHOMA LAW.

Plaintiffs also assert in their Response that "the substance of the current claim

stems from settlement conduct (alleged lack of notices to Travelers), which they concede

began in 2019, but was skillfully 'hidden from' Plaintiffs until disclosed by current

counsel Potts in her May 11, 2022, letter."   Dkt. # 28, p. 2.   Notably, Plaintiffs

acknowledge that the referenced letter was sent "in response to [Plaintiffs'] counsel

earlier March [16, 2022] letter sent to [Ms. Potts]," *see* Dkt. # 24, at ¶ 23; *id.* at ¶ 22, long

after the claim had been concluded in 2019,  pursuant to the letter issued by Travelers's

claim counsel, Sarah Timberlake, to the Turoczis on July 22, 2019. *See, e.g.*, Dkt. # 24, at

p. i (describing Ex. 3 to Amended Complaint as photos taken "*before* Timberlake's

7/22/2019 letter.") (emphasis in original); *id.* at ¶ 23; *accord*, Joint Status Report, Dkt. #

11, at pp. 5-6; *cf.* Ex. 2 to Amended Complaint (Dkt. # 24-2).   Despite other previous

arguments, it is ostensibly Plaintiffs' confusing position now that their *counsel's*

purported discovery of the "reason" behind Travelers's 2019 denial of payments is what

triggered the statute of limitations to begin to accrue. Dkt. # 28, p. 2. However, this

argument is unsupported by both law and fact.  *See, e.g.*, Dkt. # 24, at p. i; *id.* at ¶¶ 22-23;

*accord*, Dkt. # 22, at 6-7 (describing Plaintiffs' requests for additional payment in

"September 2019" which were not honored which "caused Plaintiffs to see the home [in

2020] and 'cut their losses.'"). Under extant case law, that Plaintiffs were reminded in 2022 that Travelers had stopped paying their claims in 2019, or that their counsel first learned in 2022 of the "reasons" why the claim payments were not made after the summer of 2019, are not "facts" relevant to the determination of when Plaintiffs' bad faith claim first accrued, nor consequential to the calculations  as to when Plaintiffs' claims actually expired.

Under Oklahoma law, "a cause of action accrues when a litigant could first maintain an action to a successful conclusion[.]" *Zewdie v. Safeco Ins. Co. of Am.,* 304 F. Supp. 3d 1101, 1112 (W.D. Okla. 2018) (quoting *Stephens v. Gen. Motors Corp.,* 905 P.2d 797, 799 (Okla. 1995)). Plaintiffs assert that they were untimely paid and/or unrightly denied payment of their claim following the 2018 loss and 2019 claims process. *See* Response, Dkt. # 26, p. 3 ("Defendant had not made *timely* payment"); *id.* ("[Traveler's] earlier actions not to make payment of restoration expenses); *cf.* Dkt. # 24, ¶ 21 ("Plaintiffs received neither payment (partial or otherwise) from Watts nor any communication whatsoever."); Dkt. # 24, p. 21 ("Plaintiffs' claim for relief of contract insurance payment rights owed under the base policy and the several additional coverages and endorsements thereon and not paid is the amount of $413,498.00[].").  No *reasoning* is necessary to make a claim of untimely or unjustly denied payments.

The only facts necessary to "maintain an action to a successful conclusion" under such a claim would include the factual allegation that the insurer did not pay what was owed to the insured.  It does not matter *why* the insurer did not pay—the claim could have been denied for any reason whatsoever. It is the alleged withholding of payment that

triggers the bad faith claim, not the discovery of the reason.    Plaintiffs could never

discover the reason for the withholding and still maintain a claim for unjustly

withholding payment under Oklahoma law.  In other words, the date of accrual begins

when the payment was allegedly denied to Plaintiffs in 2019; it makes no difference that

Plaintiffs' counsel only learned in 2022 as to why no further payment was made.

The reasoning behind an action goes to the action's reasonableness. *See Newport*

*v. USAA,* 11 P.3d 190, 195 (Okla. 2000). The reasonableness of Defendant's actions goes

to the merits of the case.  Defendant's Motion to Dismiss does not discuss the merits of

the bad faith claim or seek to dismiss based on its merits.  It moves to dismiss the bad

faith claim based on procedural deficiencies and statutory law.  Procedurally, this case

began to accrue no later than by June 2020 when Plaintiffs were aware of the factual

basis of their claims (*i.e.*, they had received no further payments and had sold their house

at an alleged loss), regardless of whether they were aware of the reasoning. *Compare* 12

O.S. § 95 (3), *with* Dkt. # 28, at pp. 2-3. Indeed, Plaintiffs admit that their "reconstruction

of the damaged residence began on [June 24, 2019] . . . and ended when Plaintiffs were

forced to sell the structure at a loss" in June 2020. Dkt. # 28, at p. 3 (fn. ***); *accord*,

Dkt. # 11, at 5-6.

Although Defendant denies that any due payment was wrongfully withheld,

Plaintiffs also concede in their pleading that they were aware at the time they sold their

house in June 2020 that further payments were never made on their 2018-2019 claim.

They were so keenly aware of this fact that Plaintiffs had to "sell the residence for less of

an amount than it would have garnered if they had been able to complete its' (sic)

reconstruction." Response, Dkt. # 28, pp. 2-3. It was at that point (at the *latest*) they could possibly maintain an action to its successful conclusion. There was no need to wait another two and a half years to file a case – they were aware at the time of selling their house in June 2020 that no other claim payments were made in relation to their 2018 fire loss claim. No matter how many times Plaintiffs attempt to recraft the factual allegations underpinning their bad faith claim, they cannot avoid that this cause of action was wholly extinguished at least by June 2022, two years after the *latest* date of accrual. 12 O.S. § 95 (3). Even when the Amended Complaint is viewed in the light most favorable to Plaintiffs, their bad faith claim remains barred by the statute of limitations and cannot be maintained. Dismissal is appropriate under these circumstances.

### III.   PLAINTIFFS' CONSTITUTIONAL ARGUMENT HOLDS NO MERIT AND VIOLATES FEDERAL PROCEDURE.

Plaintiffs' final argument resisting Rule 12(b)(6) dismissal challenges, for the first time, the constitutionality of the statute of limitations along with Oklahoma's Insurance Code. *See* Dkt. # 28, pp. 18-20. This argument should be wholly disregarded by the Court. Plaintiffs cited no precedent in support of its position. Meanwhile, the statutory provisions attacked (and utilized) by Plaintiffs are continuously relied upon by state and federal courts to this day.

Furthermore, Plaintiffs' motion violates federal procedural rules for making a constitutional challenge to a statute. Under Fed. R. Civ. P. 5.1, a party that files a written motion or other paper challenging the constitutionality of a state statute *must* file a notice of the constitutional question and serve the notice and paper on the state attorney general.

To Defendant's knowledge, no such action was taken by Plaintiffs prior to attacking the constitutionality of the applicable Oklahoma statutes.

## IV.   PLAINTIFFS CONTINUE TO VIOLATE FEDERAL PROCEDURE AND COURT RULES.

In responding to Defendant's alternative Rule 41 argument for dismissal, Plaintiffs spend a large portion of their Response justifying their various procedural rule violations. Specifically, Plaintiffs argue that their violations were irrelevant because they were all promptly corrected without Defendant's involvement. Dkt. # 26, p. 10. Defendant finds two main issues with this argument. First, procedural and local rules are put in place for a reason and the courts expect them to be followed. It is not the duty or the job of this Court to instruct parties or attorneys on the proper rules. Although Defendant understands mistakes can happen, it is rare that it happens over five successive times before even finishing the pleading stage of a case.

Prompt compliance with the rules after being informed of a rule violation does not change the fact that the rule violation occurred or that the party had to be told of its violation before it was fixed. Parties should comply with rules without having to be told. Yet, Plaintiffs have been repeatedly instructed to correct their filings and motion practice to comport with the rules of this Court. *See, e.g.*, Dkts. # 10, 13-15; *see also* Court Minutes entered Apr. 7, 2023, and May 30, 2023. However, Plaintiffs now seemingly believe that its rule violations are acceptable because they were dealt with in a timely manner. Plaintiffs continue to show either a lack of understanding or a lack of care for the rules. This is enhanced by Plaintiffs' own Response, which was once again stricken

for violations of local rules which had already been violated by Plaintiffs in this litigation. *Compare* the Court's May 30, 2023 Notice for failure to comply with LCvR7.1(e) ("Notice") *with* Dkt. # 10 ("[Plaintiffs'] Response fails to comply with Local Civil Rule 7.1(e)[].").  Moreover, Plaintiffs' Response violates Fed. R. Civ. P. 5.1 by failing to follow procedure for constitutional challenges (*see supra*).  Plaintiffs' Response also was not timely filed by the May 30 deadline, which was also the deadline set by the Court in its Notice. Plaintiffs have violated yet another court order, and it does not seem these rule violations will stop any time soon.

Second, Plaintiffs' assumption that their rule violations have had no effect on Defendant is incorrect. Defendants have experienced increased expenses due to the reoccurring need to review, read (and often re-read), analyze, and respond to documents and filings which are later stricken. This is attorney time and effort that is wasted because of Plaintiffs' consistent rule violations and failure to follow procedure, and this loss is ultimately felt by the Defendant through the attorney's fees incurred as a result of these protracted efforts. Defendant then must duplicate its efforts in response to the newly filed document (which will often contain even more revisions that the original filing) costing Defendant at least double what it should be incurring in this litigation at this stage.

Plaintiffs further assert that the violation of LCvR15.1 was acceptable because the changes made in the Amended Complaint were not "new facts."  Response, Dkt. # 28, p. 13.  Although Defendant cannot confirm this assertion, it still does not change the fact that a major violation occurred. Nearly 400 changes to a single document is a substantial difference when the rule requires there to be *no difference* at all, and when Defendant's

counsel spent significant effort and time to identify what changes were made. The continued and various rule violations by Plaintiffs is concerning and causing delay and cost to the Defendant.  Therefore, Plaintiffs' Amended Petition should also be dismissed under Rule 41(b) for failure to comport with this Court's orders and rules.

## CONCLUSION

At bottom, Plaintiffs' Response fails to address the substantive defects in their Amended Petition and does not circumvent the applicability of extant law, statute, and contract provisions to completely extinguish their claims. Plaintiffs' causes of action are therefore subject to dismissal pursuant to Rule 12 (b)(6). Plaintiffs have also failed to demonstrate remorse for their repeated failures to comport with the rules of this Court and dismissal of this action is therefore also appropriate under Rule 41 (b).

Respectfully submitted,

**Doerner Saunders Daniel**
**& Anderson, LLP**

/s/ *Sara E. Potts*
Sara E. Potts, OBA No. 32104
210 Park Avenue, Suite 1200
Oklahoma City, OK 73102
Telephone: 405.319.3500
Facsimile: 405.319.3537
Email: spotts@dsda.com

-and-

Michael S. Linscott, OBA No. 17266
Alexandra J. Gage, OBA No. 33874
Williams Center Tower II
Two West Second Street, Suite 700
Tulsa, OK 74103-3117
Telephone: 918.582.1211

10

Facsimile: 918.591.5360
Email: mlinscott@dsda.com
Email: agage@dsda.com
***Attorneys for Defendant Travelers
Commercial Insurance Company***

## CERTIFICATE OF SERVICE

I hereby certify that, on June 6, 2023, a true and correct copy of the foregoing document was served upon the following via the Court's electronic notification system, electronic mail, and/or U.S. Mail, postage prepaid to:

Gary W. Gardenhire
1005 Fountain Gate Cir.
Norman, OK 73072
Counsel for Plaintiff

*s/ Sara E. Potts*

6545597.1