IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KENNETH TUROCZI and<br>TYRENE TUROCZI,<br><br>           Plaintiffs,<br><br>v.<br><br>TRAVELERS COMMERCIAL<br>INSURANCE COMPANY,<br><br>           Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-23-00095-JD |

## ORDER

Before the Court is Plaintiffs' Counsel's Motion to Withdraw Representation ("Motion") [Doc. No. 29].

The Court **GRANTS** the Motion subject to the conditions set forth in this Order. Pursuant to Local Civil Rule 83.5, the Court **ORDERS** that Gary W. Gardenhire is withdrawn as counsel of record for Plaintiffs Kenneth Turoczi and Tyrene Turoczi, subject to the conditions that Gary W. Gardenhire shall continue to accept service of subsequent papers (including this Order and any filings in this action after he filed the Motion) and forward such papers (including this Order and any filings in this action after he filed the Motion) to Plaintiffs until Plaintiffs enter appearances or have counsel enter appearances in compliance with this Order.

The Court further **ORDERS** that Plaintiffs retain new counsel and new counsel shall enter an appearance within **21 days** of this Order, or by **June 28, 2023**. Alternatively, because Plaintiffs are individuals, Kenneth Turoczi and Tyrene Turoczi

may each enter an appearance pro se within **21 days** of this Order, or by **June 28, 2023**. If Plaintiffs enter their appearances pro se, they are required to comply with all rules and requirements of the Court.[1] Each Plaintiff must enter an appearance pro se if he or she intends to represent themselves in this action because Plaintiffs are not attorneys and they cannot represent each other. In sum, Plaintiffs must have new counsel enter their appearances or they must enter their individual appearances pro se by the deadline of **June 28, 2023**.

Any request by Plaintiffs for relief from the Court or for a Court order must be presented by a written motion. *See* Fed. R. Civ. P. 7(b).

The Court cautions Plaintiffs that failure to comply with this Order and the deadlines imposed in this Order may result in the dismissal of this action without prejudice and without further warning by the Court as to one or both of Plaintiffs depending on compliance with this Order. If this action has been refiled or is barred by statute, such a dismissal without prejudice may operate as a dismissal with prejudice on some or all of Plaintiffs' claims.

---

[1] Courts hold individuals proceeding pro se, i.e., individuals acting on their own behalf and without legal representation, to the same standards and rules as any other litigant. *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) ("[T]his court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.") (citation omitted). Thus, if Plaintiffs enter their appearances pro se and represent themselves in this action, they must follow the Federal Rules of Civil Procedure and the Local Civil Rules for the Western District of Oklahoma in this action, and ignorance of the rules is no excuse. *See In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996). Moreover, Plaintiffs should be aware that the Court cannot "assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The parties are reminded that failure to comply with deadlines or requirements imposed by Court orders, the Federal Rules of Civil Procedure, or the Local Rules may result in sanctions, which may include dismissal of the action.

IT IS SO ORDERED this 7th day of June 2023.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE