IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENNETH TUROCZI and TYRENE TUROCZI,  )<br>)<br>Plaintiffs,   )<br>)<br>v.   )<br>)<br>TRAVELERS COMMERCIAL INSURANCE COMPANY,   )<br>)<br>Defendant.   ) | Case No. CIV-23-00095-JD |

## ORDER OF DISMISSAL

On August 14, 2023, the Court ordered Plaintiffs to enter their appearances pro se or to have new counsel enter appearances on their behalf by September 13, 2023. [Doc. No. 39]. The Court has repeatedly warned Plaintiffs that failure to comply with Court Orders may result in the dismissal of the action without prejudice, and that if this action has been refiled or is barred by statute, such a dismissal without prejudice may operate as a dismissal with prejudice on some or all of Plaintiffs' claims. *See* Order of June 7, 2023 [Doc. No. 31 at 2]; Order of June 28, 2023 [Doc. No. 35 at 1]; Order of Aug. 14, 2023 [Doc. No. 39 at 1]. In its most recent order, the Court cautioned that failure to comply with the Order "will result in dismissal of this action." [Doc. No. 39 at 1]. To date, Plaintiffs have not complied with the Court's Order, nor have Plaintiffs sought any further extension of time to comply with the Court's Order or filed anything further in prosecution of this action.

Consequently, the Court DISMISSES Plaintiffs' action WITHOUT PREJUDICE for failure to comply with the Court's Order and failure to prosecute. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (discussing the inherent power of a court to dismiss actions for lack of prosecution); *Olsen v. Mapes*, 333 F.3d 1199, 1204 & n.3 (10th Cir. 2003) (even without a motion, a district court may *sua sponte* dismiss an action "if the plaintiff fails to comply with [the Federal Rules of Civil Procedure] or any order of court"); *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992) (dismissal appropriate where party neglects their case or refuses to obey court orders); *see also* Fed. R. Civ. P. 41(b).[1]

IT IS SO ORDERED this 14th day of September 2023.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[1] Before dismissing a case *with prejudice*, "a court should ordinarily consider a number of factors," including whether the party was warned, the amount of interference with the judicial process, and the relative degrees of culpability and prejudice. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (citations omitted). Here, the Court need not analyze any *Ehrenhaus* factors because the dismissal is without prejudice. *See Arocho v. United States*, 502 F. App'x 730, 732 (10th Cir. 2012) (unpublished) ("When the dismissal is without prejudice, however, consideration of the *Ehrenhaus* factors is not required.") (citing *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs.*, 552 F.3d 1233, 1236 (10th Cir. 2009); *Nasious v. Two Unknown B.I.C.E. Agents, Arapahoe Cnty. Justice*, 492 F.3d 1158, 1162 (10th Cir. 2007)). The Tenth Circuit has "consistently interpreted Rule 41(b) 'to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute.'" *Huggins v. Supreme Ct. of the U.S.*, 480 F. App'x 915, 916–17 (10th Cir. 2012) (unpublished) (quoting *Olsen*, 333 F.3d at 1204 n.3); *see also United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) ("[D]ismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules.").

2